James Lucas, Doing Business under the Firm Name and Style of Lucas Bros., Respondent, *v.* New Amsterdam Casualty Company, Appellant.

(Supreme Court, Appellate Term, First Department, December, 1916.)

Insurance (liability)— policy of — trial — negligence — when judgment reversed and new trial granted.

A policy of liability insurance issued to plaintiff, the proprietor of a department store, provided that upon the occurrence of an accident he should give immediate written notice thereof to the insurer and in case of any claim being made on account of the accident he should give a like notice. Two judgments were recovered against plaintiff for personal injuries resulting from an accident which happened in his store. It was conceded that no notice was given to him until he was served with the complaint in the action several months after the accident and plaintiff testified that on the day of the accident D., defendant in one action, said to him "My wife and I were upstairs and were coming down. My wife's heel caught on one of the steps of the stairs" and D. further said "I am not finding fault but I want to warn you. Somebody might slip on them stairs and give you trouble. I am finding no fault." Plaintiff added that D. and his wife then walked around

his store and looked at some goods after which he saw no more of them. At the trial plaintiff was confronted with an affidavit which he had made for the use of the insurance company after the D. suit had been brought, in which he recited that D. said that his wife had just fallen on the stairway and there was nothing in the affidavit indicating in any way that D. had said to plaintiff that he was " finding no fault." Plaintiff claimed that he had not read the affidavit after it was dictated and that he had never said that he was aware that D.'s wife had fallen. Held, that defendant was entitled to have the case submitted to the jury in order to determine what had actually occurred at the time of the alleged accident and that its request to go to the jury, on the question of fact raised by plaintiff's testimony with reference to the conversation between him and the injured party at the time of the accident and the other questions of fact in the case, should have been granted, and the refusal thereof was error for which a judgment in favor of plaintiff, entered on a directed verdict, should be reversed and a new trial granted.

APPEAL by defendant from a judgment of the City Court of the city of New York in favor of plaintiff, entered upon a directed verdict.

Frederick Mellor (Charles T. Green, of counsel), for appellant.

Thompson, Freedman & Cook (Henry Thompson, and Carleton S. Cooke, of counsel), for respondent.

BIJUR, J. Defendant apparently rested on plaintiff's case, and moved to dismiss the complaint, which was denied. Thereupon plaintiff moved for the direction of a verdict, and the defendant asked to go to the jury. Plaintiff's motion was granted.

Plaintiff sues to recover the amount of two judgments paid by him under the following circumstances:

Plaintiff is the proprietor of a department store. He procured " liability insurance " from defendant.

On May 3, 1913, one Mary Dietz, while with her husband, John Dietz, in plaintiff's store, slipped and fell on some stairs. On July 17, 1913, she and her husband brought actions against the plaintiff herein for damages resulting from this accident, and judgments were entered against the plaintiff herein which he paid. It is for the amount of these judgments that he seeks reimbursement from defendant.

A single point is involved in this appeal. The policy provides that " upon the occurrence of an accident the assured shall give immediate written notice thereof * * * to the company. If a claim is made on account of such accident, the assured shall give like notice thereof." It is conceded that plaintiff did not give any notice to defendant until he was served with the complaints of Mr. and Mrs. Dietz on July 18, 1913. Plaintiff testified that on May third John Dietz came to him and said: " My wife and I were upstairs and were coming down. My wife's heel caught on one of the steps of the stairs." There was some further conversation and Dietz said: " I am not finding fault, but I want to warn you. Somebody might slip on them stairs and give you trouble. I am finding no fault." Plaintiff added that Mr. and Mrs. Dietz then walked around the store and looked at some goods, after which he saw no more of them. At the trial, he was confronted with an affidavit which he had made for the use of defendant in the office of defendant's attorney after the Dietz' suits had been brought in which he recited that Dietz said that his wife had just fallen on the stairway, and there is nothing in the affidavit directly or indirectly indicating that Dietz had said to him, the plaintiff, that he was " finding no fault." Plaintiff claimed on the trial that he had not read the affidavit after it was dictated, and that he had never said that he was aware that Mrs. Dietz had fallen.

Plaintiff-respondent's present contention is, in substance, that " The occurrence of May 3, 1913, taken in connection with the disclaimer of hurt of John Dietz and· the tacit assent of Mary Dietz was not an accident within the meaning of the policy." I think that this contention has much merit. The clause in the policy which I have quoted must receive a reasonable construction (*Wolverton* v. *Fidelity & C. Co.*, 190 N. Y. 41) and if it were shown without contradiction that plaintiff was, without fault on his own part, unaware that Mrs. Dietz had fallen, or if the statement of Mr. Dietz that he was finding no fault (made in Mrs. Dietz's presence) can be taken as a disclaimer of any importance attached to the incident, the entire occurrence might be treated as a merely casual and negligible one upon which no claim could possibly be founded, and notice of which, therefore, it could not reasonably be expected should be given to the insurer. Plaintiff's testimony, however, is that of the chief party in interest and his evidence as to Mr. Dietz's statement that he found no fault is not only unsupported by other testimony, but is rather remarkable in itself. Moreover, the absence of that statement from his affidavit, and the statement in the affidavit that Mrs. Dietz had fallen (knowledge of which he disclaimed in his testimony at the trial), are all circumstances which defendant was entitled to have weighed by a jury in order· to determine what had actually occurred at the time of the alleged incident. *Hull* v. *Littauer*, 162 N. Y. 569; *Second Nat. Bank* v. *Weston*, 172 id. 258.

Defendant's request to go to the jury was directly addressed to these points. Its counsel said: " I move to submit to the jury the question of fact raised by plaintiff's testimony with reference to the conversation between him and the injured party at the time

that this so-called accident happened, and on the other questions of fact.'' The refusal to so submit them was error for which the judgment must be reversed and a new trial granted, with costs to appellant to abide the event.

Guy and Shearn, JJ., concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.