Jones, P. J.
The parties here stand in the same position in which they stood in the trial court, and for convenience they will be referred to as plaintiff and defendant, the verdict and judgment having been given in favor of the defendant.
The action below was brought upon a policy of insurance, by which the defendant agreed to indemnify plaintiff, as the assured, “against loss by *177 reason , of the liability imposed by law upon the assured for damages on account of bodily injuries, including death at any time resulting therefrom, accidentally suffered or alleged to have been suffered while this policy is in force by any person or persons by reason of the ownership, maintenance or use,”- etc., of plaintiff’s automobile, which was. described in the policy.
Suit was brought by Daniel W. Smith for injuries received by him in the collision between plaintiff’s said automobile and the one in which Smith was riding. Defendant refused, upon notice, to defend plaintiff in the suit brought by Smith, and denied liability thereunder on the ground that notice had not been given of the occurrence of the accident in accordance with the terms of the policy.
This action below was brought to recover from defendant the amount of the judgment and expenses in said suit brought by Smith. The insurance policy contained the following condition:
“C. The assured upon the occurrence of an accident shall give immediate written notice thereof, with the fullest information obtainable at the time, to the corporation’s head office at New York City, or to its duly authorized agent. If a claim is made on account of such accident, the assured shall give like notice thereof. If thereafter any suit is brought against the assured to enforce such a claim the assured shall immediately forward to the corporation every summons or other process served on him.”
Defendant denied liability and refused to defend the action brought by Smith, on the ground *178 that plaintiff had wholly failed to comply with said conditions, in that no notice was given as provided in. said condition until January 14, 1914, although the accident took place on July 18, 1913.
The record shows that plaintiff’s truck was being operated by a driver who had no knowledge of any bodily injury to either of the occupants of the other automobile, and understood that the extent of the damages caused by the-collision was the property damage to the other automobile, consisting of a broken lamp and windshield, and the driver made such a report. The first knowledge had by plaintiff of any bodily injury caused by the accident was brought to it by a letter from Smith’s attorney dated December 3, 1913, on receipt of which Mr. Fischer called upon the attorney, and went from his office to the office of The Heister & Huntington Company, agents for the insurance company, and reported same, and secured from said agent a blank form on which a report was then made to the insurance company.
On December 6, 1913, the attorneys of defendant advised plaintiff of the receipt of this report and stated:
“This is not in compliance with the policy of insurance, which required an immediate report upon any accident that may happen, and for this reason we hereby notify you that The General Accident F. & L. Assurance Corporation Ltd. denies liability for this accident, and declines to make any investigation of the alleged accident, or to defend you in the event an action is brought against you growing out of injuries to Mr, Smith.”
*179 Upon suit being filed by Mr. Smith summons was sent to the agents of the insurance company in compliance with the terms of the policy.
The real question in this case is whether the assured must, under clause C above quoted, give notice of every “accident” that may occur in the use of the automobile insured, or only of such accidents as occasion bodily injuries.
The policy of insurance has nothing to do with injuries to property, but is only concerned with bodily injuries to the person. In this case it appears that Mr. Smith at the time of the occurrence immediately left the scene of the accident without in any way having communicated to plaintiff’s driver the fact that he had been injured, and it was not apparent to such driver that any bodily injury had been inflicted. It appears that Smith’s injury did not develop to be anything but a trifle until some time after the collision, when it was discovered that a piece of glass had worked its way into his knee and occasioned a serious injury.
In the opinion of the court this case is ruled by the principles laid down in Chapin v. Ocean Accident & Guarantee Corp., 96 Neb., 213, the third syllabus of which is as follows:
“In a case where no bodily injury is apparent at the time of the accidental occurrence, and there is no reasonable ground for believing that a claim for damages against the owner of the automobile may arise therefrom, he is not required to give the assurer notice until the subsequent facts as to injury would suggest to a person of ordinary and reasonable prudence that a liability, to the injured person might arise. In such case the duty of the *180 assured is performed if he gives notice within ax reasonable time after the injury presents an aspect suggestive of a possible claim for damages.”
To the same effect are Lucas v. N. Amsterdam Casualty Co., 162 N. Y. Supp., 191, 97 Misc., 618, and Schambelan v. Pref. Acc. Ins. Co., 62 Pa. Superior Ct., 445.
It could well be claimed that if plaintiff’s driver had known of even a slight injury to Smith, the stipulation of the policy would require notice of such injury even though plaintiff might deem it unnecessary. Such is the rule laid down in Travelers’ Ins. Co. v. Myers & Co., 62 Ohio St., 529.
No doubt it is proper to submit to the jury the questions of fact — whether the circumstances of the accident were such as would have made it apparent to the plaintiff that bodily injuries might result from the accident and whether the terms of the policy as to notice had been complied with. (Crane v. Standard Life & Acc. Ins. Co., 4 N. P., 309, affirmed 59 Ohio St., 617.) In this view of the law the trial court erred in refusing to give to the jury the two following special charges requested by plaintiff before argument:
“The provision in the policy sued upon that the assured upon the occurrence of an accident shall give immediate written notice, with the fullest information obtainable at the time, to the corporation’s head office at New York City, or to its duly authorized agent, does not require a notice of all accidents, but only such accidents as result in bodily injuries.”
*181 “If you find that neither the plaintiff nor the driver of its truck prior to the receipt of the letter from Cark Rankin, on December 4, 1913, knew or had reasonable grounds to believe that Mr. Smith received a bodily injury in the collision on July 18, 1913, and that within a reasonable time there-, after communicated said written notice to The Heister Huntington Company, then I charge you that the giving of that notice was a compliance with the provision of the policy requiring the insured to give immediate written notice of the accident.”
And the court erred in its general charge in the use of language from which the jury might infer that a notice was necessary to be given the defendant company under the policy on the occurrence of any accident whatever, even though bodily injury did not result therefrom.
The judgment is therefore reversed and the cause remanded for further proceedings.

Judgment reversed, and cause remanded.

Gorman and Hamilton, JJ., concur.