People of the State of Illinois, Plaintiff-Appellee, v. Clarence Thomas, et al., Defendants-Appellants.

Gen. Nos. 50,647 and 50,649.

First District, First Division.

July 17, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (David Dillner, Frederick F. Cohn and James J.

Doherty, Assistant Public Defenders, of counsel), for appellants.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Ronald Sandler, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

This is an appeal by the defendants from a conviction of the crime of attempted robbery. The jury found them guilty as charged by the indictment. They were sentenced to not less than three, nor more than 12 years, in the Illinois State Penitentiary. They contend that they did not receive a fair trial and were not proven guilty beyond all reasonable doubt of attempted robbery.

Three officers were stationed in different parts of a parking lot. A fourth officer, John Tyrell drove his car and parked in the center of the lot. As he got out of his car the two defendants and a LeRoy Miles approached him from behind a truck also parked at this lot. Miles broke from the group and ran toward Tyrell with a pistol in his hand. He uttered an obscene remark at Tyrell, ending with the words "it's a stickup." Officer Tyrell announced he was a police officer and ordered Miles to drop his gun. Miles fired and Tyrell returned the fire, striking Miles. The two defendants ran behind the truck. As Miles fell he fired again and officer Tyrell again returned the fire, killing Miles. The defendants ran out of the parking lot. One of the three officers, Ronald Pluta was armed with a .12 gauge shotgun and ran after them. The defendants split up and ran in opposite directions. Pluta yelled "Police" at Thomas, whom he recognized, and fired two times, hitting him in the leg. Thomas escaped from the alley but the police went to his home where they found him with a gunshot wound in the leg. Thomas

was taken to Cook County Hospital. He was operated on and then removed to Bridewell Hospital.

Price also escaped from the alley. The following day he went to see Miles' family and to help arrange for the funeral. Price and several members of the family drove to the store to purchase some food. The driver of the car did not have a license and the entire group was arrested and taken to the police station. At first one of Miles' brothers was accused of being in the alley with Miles. Price was then identified by one of the officers who had been in the alley.

■ The defendants point to four places in the record where the trial judge made allegedly prejudicial comments. The first such instance was when the judge stated: "All he (the police officer) has to do is to appreciate that there was sufficient light for him to identify somebody." The judge then turned to the officer on the witness stand and asked, "Now was there a sufficient light for you to identify anybody?" Answer, "Yes."

We do not find the above remark prejudicial. It was merely made to clarify the record and relieve the confusion caused by the State's attorney and defense counsel on the question of the ability of the officer to identify the defendants.

■ The second alleged prejudicial error occurred during cross-examination of one of the officers. The following colloquy occurred:

Defense question: Who fired the first shot?
The Court: Do you want to object?
Defense: For what?
The Court: There has been substantial testimony here that the deceased, Miles, fired at least the first shot.
Defense: Judge, are you now testifying for this witness?

237

| | |
|------------|----------------------------------------------|
| The Court: | No, I am not, but I don't see how far we are going afield. If you want to find out exactly who was guilty of the first provocation, ask him that. |
| Defense: | Judge, I am trying to find out how much time the two boys that were supposedly there stood there after shots were fired and guessing on what to do. |
| The Court: | That is the two boys that are here? |
| Defense: | Has your Honor determined that these two boys were there? |
| The Court: | I am just trying to say there is one man dead and there is two survivors. |

In considering the claim of prejudice with regard to this alleged error, we note that the preceding testimony positively established that the two defendants were present in the alley. The trial judge was merely attempting to ascertain the direction in which the defense counsel was going with his questions.

 The third claim of error occurred when the defense counsel made the following improper remark upon learning that the police officers were stationed in the 11th District: "Is that the famous or should I say infamous Fillmore District?" The trial judge then commented: "It may be an infamous district, but it is only because of the fact of the people that live there, I suppose." This comment was the direct result of the defense counsel's improper conduct in quipping with the officer. Where the defense deliberately baits the judge into making what would otherwise be a prejudicial remark, we will not consider it as prejudicial error. People v. Smith, 63 Ill App2d 369, 377, 211 NE2d 456, cert den 383 US 953.

 The last claim of error occurred during the cross-examination of defendant Thomas. Thomas claimed that

238

he had stopped in the alley to have a drink from a bottle of wine he had purchased. He heard Miles run past him and when the shooting started, he ran out of the alley but was hit by a shot. The judge then asked Thomas why he went into the alley to drink wine. The judge said: "I can see why a lot of people drink on Election Day but not in the alleys." We find that this remark was harmless error. The jury was properly instructed that they were the sole judges of the credibility of the witnesses, the weight to be given their testimony and the facts of the case. Although this remark may have been improper, it was cured by the instructions given the jury and in our opinion did not deny the defendants a fair trial.

Defendants further contend that the State failed to prove them guilty of attempted robbery. The two defendants and the deceased Miles entered the parking lot. Two of them were armed. All three approached officer Tyrell indicating an intention to rob. The deceased Miles then ran toward officer Tyrell with a pistol in his hand, after addressing the officer said ". . . it's a stickup." A specific demand for money or other property is not necessary to prove an intent to rob. The three acted as a group. The fact that officer Tyrell interrupted their efforts in no way indicates that they did not intend to commit the act. The defendants knew one another, they were seen in the company of the decedent, and the defendant Price was a friend of the deceased Miles and was arrested in the company of the Miles family.

We are satisfied that the evidence established the defendants' guilt beyond a reasonable doubt and that the defendants were given a fair trial. Therefore the judgment of the Circuit Court of Cook County, Criminal Division, is affirmed.

Judgment affirmed.

MURPHY, P. J. and BURMAN, J., concur.