Walter Samuel James was indicted for robbery in the first degree for violating § 13A-8-41, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment" and the trial judge sentenced him to life imprisonment without parole as a habitual felony offender.
On April 4, 1983, at approximately 7:30 p.m., the appellant entered the Winn-Dixie Store in Troy and asked the assistant manager, Tony Alcuri, about a bad check from his grandmother. When Alcuri told the appellant he did not have any knowledge about a bad check, the appellant left the store. Around 8:55 p.m., the appellant returned to this Winn-Dixie Store and approached Alcuri. The appellant stated, "See that black guy over there at the register . . . well, he has got a gun and do as he says and not start no shit." (R. 5). The appellant stood around for a minute and then left the store. The man that the appellant said had a gun stood in line at one of the cash registers and purchased a pack of gum. He looked around for a while and then walked out the door.
 I
The appellant asserts the State failed to present sufficient evidence to sustain his conviction of first degree robbery.
The commentary following § 13A-8-40 through § 13A-8-44 states that the offense of robbery embraces those acts when one uses or threatens to use violence during the course of committing or in the attempt to commit a theft. Therefore, the offense of robbery includes the completed offense as well as an attempted robbery. A person is guilty of an attempted robbery if, with the intent to commit a robbery, he does any overt act towards the commission of that robbery. Section 13A-4-2 (a), Code of Alabama 1975.
There are several issues we must discuss in order to determine whether or not the appellant was guilty of robbery in the first degree. *Page 889 
First, although the appellant did not tell Alcuri that he was armed, he did state to him that his companion was so armed with a deadly weapon. Alcuri had no reason not to believe that the companion was not armed or that the two were not acting in concert. Therefore, this was prima facie evidence that the appellant was armed. See § 13A-8-41, Code of Alabama 1975 andHarris v. State, 398 So.2d 777 (Ala.Crim.App. 1981).
Second, a specific demand for property is not necessary to prove that an accused intends to commit a robbery. This question is for the jury which they are to decide after a consideration of all the facts. People v. Thomas, 85 Ill. App.2d 234, 229 N.E.2d 301 (1967); Martin v. State, 77 Ga. App. 297,48 S.E.2d 485 (1948).
Third, the appellant's statement to Alcuri was an overt act toward the commission of this robbery and beyond the mere preparation for the crime at issue.
Lastly, merely because the appellant and his companion decided for some reason not to complete such robbery, this does not absolve this appellant of guilt.
 "An intent or purpose to commit the crime of robbery may be abandoned at any time before the intent or purpose has by some act become an attempt to commit that crime; at that point the crime of an attempt to commit the robbery has been committed. The accused cannot thereafter escape the penalty of his attempt to commit the crime by repentance after that crime has been committed."
State v. Feltovic, 110 Conn. 303, 147 A. 801 (1929). See alsoChaney v. State, 417 So.2d 625 (Ala.Crim.App. 1982).
We hold there was ample evidence presented to the jury from which they could conclude by fair inference that this appellant was guilty of robbery in the first degree. Authorities herein cited.
 II
The appellant objects to the trial court's failure to charge the jury on criminal coercion. A trial judge should not give a charge on a lesser included offense unless there is a rational basis to support such a charge. Ala. Code § 13A-1-9 (b) (1975).
 "A person commits the crime of criminal coercion if, without legal authority, he threatens to confine, restrain or to cause physical injury to the threatened person or another, or to damage the property or reputation of the threatened person or another with intent thereby to induce the threatened person or another against his will to do an unlawful act or refrain from doing a lawful act."
Ala. Code § 13A-6-25 (1975).
There is no evidence in this record to support a charge on criminal coercion. Therefore, the trial judge properly refused the appellant's written requested charges on criminal coercion.
For the reasons stated above, this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.