## 29649. MOSLEY v. HOPPER.

HALL, Justice.

The central question presented on this habeas corpus appeal is whether Peters v. Kiff, 407 U. S. 493 (1972), in which the Supreme Court ruled for the first time that "whatever his race, a criminal defendant has standing to challenge the system used to select his grand or petit jury, on the ground that it arbitrarily excluded from service the members of any race, and thereby denies him due process of law," 407 U. S. at 504, is retroactively applicable to allow Mosley, who asserts here that he is a white male of over 21 years, and "not a civil rights worker," to challenge the discrimination against blacks, women, and young adults of 18 to 21 years which is alleged to have infected the grand and petit juries which indicted and tried him for murder in 1962. We have recently decided this question in the negative (*Ferguson v. Caldwell*, 233 Ga. 887), and for that reason Mosley has no standing to attack his 1962 grand and petit juries on the asserted grounds.

Mosley's progress through the federal courts on this and other questions is detailed in Mosley v. Dutton, 367 F2d 913 (5th Cir. 1966); Mosley v. Smith, 404 F2d 346 (5th Cir. 1968); Mosley v. Smith, 470 F2d 1320 (5th Cir. 1973). The last cited appeal from the denial of habeas corpus relief directed that Mosley should first exhaust his state remedies by presenting his Peters v. Kiff contention to the Georgia courts. He subsequently did so, and he now appeals from the adverse decision of the Superior Court of Tattnall County which ruled that Peters v. Kiff was not retroactive.

The result of our recent decision that Peters v. Kiff is not retroactive is that Mosley has no standing to challenge his juries on racial grounds absent some showing of actual prejudice to him from their composition. He alleges no such actual prejudice on grounds of his race, sex or age.[1]

---

[1]Because the superior court ruled that Mosley lacked standing, it received no evidence on the question of actual jury composition, and the record before us is devoid of such

Mosley's challenges to his juries on the grounds of the alleged exclusion of women and of young adults between the ages of 18 and 21 — two other classes to which he does not belong — must meet a similar fate under the rationale of our ruling concerning Peters v. Kiff. Additionally, on similar facts the Fifth Circuit has ruled that even where jury discrimination against women by statute was subsequently ruled unconstitutional, a male defendant was not entitled to retroactive relief in connection with a trial preceding the invalidation of the statute. Juelich v. United States, 403 F2d 523 (5th Cir. 1968), cert. den. 394 U. S. 1002. The assertion with respect to discrimination against young adults cannot succeed, because we have ruled them not a constitutionally cognizable class for jury purposes. *State v. Gould,* 232 Ga. 844, 845 (209 SE2d 312).

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

SUBMITTED FEBRUARY 7, 1975 — DECIDED APRIL 8, 1975.

Russell Mosley, *pro se.*
*Arthur K. Bolton, Attorney General,* for appellee.

---

evidence though Mosley attempts to introduce it by inclusion of statistics in his pro se brief on this appeal.