## 50824. MERRELL v. THE STATE.

EVANS, Judge.

Defendant was tried and convicted of the offense of theft by taking "one black angus hefer [sic], property of Otis Wright of the value of $200." He was sentenced to serve ten years. Motion for new trial was filed and denied. Defendant appeals. *Held:*

1. The owner of the animal (Wright) saw the defendant (Danny Merrell) and his co-indictee (Charles Lowery) acting suspiciously near his property. Investigating further, he found blood where an animal had been dragged from his property onto the road. The incident was reported to the sheriff who, on approaching the farm along a one-lane country road, saw the defendant and the co-indictee flee into the woods. The sheriff then found a brown Mustang automobile stalled in the road which the defendant later admitted was his property. Fresh blood was in the trunk of the automobile and approximately 20-40 yards away, a dead calf, which had been shot, and with its throat cut, was found covered by underbrush. The owner identified it as being his calf.

A police officer testified that he took a statement from another co-conspirator (Jack Lowery), who was not indicted and who stated that he was present with defendant, Danny Merrell, and Charles Lowery (the co-indictee), when they killed the calf, dragged it to the brown Mustang, drove off until the car quit running, and then took the animal out of the car. (There was no objection to this testimony.)

The above evidence was sufficient to support the verdict of guilty even if hearsay testimony therein be disregarded.

2. The owner testified as to the value of the calf and that "it weighed about four hundred pounds and I wouldn't have took $200 for it." In answer to the question as to its market value on the date it was stolen, he testified, "I just wouldn't have took $200 for it." There was no objection to this testimony, and it is sufficient as to value under the circumstances. *Georgia Power Co. v. Harwell,* 113 Ga. App. 653, 654 (1) (149 SE2d 376).

3. Mere recital in the brief that the "Court erred in

its charge on the above code section . . . as stated in the original Motion for a New trial," is insufficient as an argument, and this enumerated error must be considered as abandoned. All such enumerations of error, which are not argued and where there is no citation of authority, are deemed abandoned by our Rule 18 (c) (2) (Code Ann. § 24-3618). See *Henderson v. Lott,* 163 Ga. 326 (2) (136 SE 403); *Head v. Lee,* 203 Ga. 191 (5), 201 (5) (45 SE2d 666); *Schmid v. State,* 226 Ga. 70, 71 (172 SE2d 616).

4. Defendant recites in his brief that the jury imposed a maximum sentence of 10 years, and argues that this crime did not warrant such a severe sentence. He contends this sentence shows the jury to be biased and prejudiced against the defendant. No other argument or citation of authority is made. Again, for the reasons stated in Division 3, this enumeration of error must be deemed abandoned.

5. The last enumeration of error is the contention that Paul J. Walker, a juror, is related to the prosecution witness, Deputy Sheriff George Walker, within the prohibited degree (third or fourth cousin), same being allegedly uncontradicted by the state. But the state contradicts and denies there was any such relationship. Further, a fourth cousin would not be within the prohibited degree. See Code Ann. §§ 59-716, 59-804.

Defendant contends said prosecution witness was an interested party thereby disqualifying the juror, this fact being unknown to the defendant or his counsel during the trial; hence the jury was biased and prejudiced, and this required the grant of a new trial.

No testimony was offered in support of the motion for new trial to prove that the witness was within the prohibited degree to the juror or that he was interested in the outcome of the case, although it is noted that the affidavit in support of the warrant was sworn to by a George Walker. Since there is no evidence in the record or transcript to support this enumeration of error, the verdict and judgment are presumed to be correct. *Seaton v. Redisco, Inc.,* 115 Ga. App. 80 (153 SE2d 728); *Davis v. State,* 117 Ga. App. 359, 360 (160 SE2d 670).

*Judgment affirmed. Bell, C. J., Pannell, P. J., Quillian, Clark, Stolz, Webb and Marshall, JJ., concur.*

*Deen, P. J., dissents.*

SUBMITTED JUNE 30, 1975 — DECIDED SEPTEMBER 8, 1975.

*Edge & Edge, Eugene F. Edge,* for appellant.
*C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney,* for appellee.

DEEN, Presiding Judge, dissenting in part.
I agree with the verdict for conviction. The sentence, however, was completely illegal because rendered on October 18, 1974, after the jury had held a sentencing hearing and returned the following: "We the jury fix the punishment at 10 years. We recommend the sentence be served as a felony."

Ga. L. 1974, pp. 352, 357, approved March 20, 1974, amended Code § 27-2503 to provide that in noncapital felonies the judge *shall dismiss the jury* and himself conduct a pre-sentence hearing and pass sentence. The court charged the jury that "the law commits the matter of determining the penalty to your judgment and discretion" and that such penalty was one to ten years, or reduction to misdemeanor. The jury then found the maximum punishment of ten years. The court inquired: "You don't recommend misdemeanor, the jury has fixed punishment at ten years, is that correct?" He then pronounced the maximum sentence.

It is obvious that the sentence imposed was *not* decided in the discretion of the judge. The jury had no jurisdiction to fix the sentence, and in view of the maximum punishment (for the theft of a $200 cow) it cannot be said that the error was harmless. *Lindsey v. State,* 135 Ga. App. 122.

The third ground of the amended motion for new trial complains of the severity of the sentence. Although it does not raise a jurisdictional ground, I think this court must do so, since such a sentence is void ab initio.