## 30299. EDWARDS v. THE STATE.

JORDAN, Justice.

Appellant, Catherine Edwards, appeals from her conviction of murder and life sentence.

1. At trial a witness for the state testified that he witnessed the shooting, that appellant and her husband were quarrelling while standing in the parking lot of a liquor store and that as her husband turned and walked away, she shot him four times with a .38 revolver. Appellant admitted killing her husband, but claimed that she did so in self-defense. However, the evidence is sufficient to support the jury's verdict of murder, and appellant's motion for new trial on general grounds was properly overruled.

2. Appellant complains that the trial court erred by instructing the jury on both the law of confessions and incriminating statements, and that her statement was

actually an incriminating statement, making the instruction on confession prejudicial error.

The state introduced into evidence a statement made to the police by appellant on the night of her arrest. The appellant also testified at her trial. She related domestic quarrels over money and her husband's girlfriend and as to the occasion on which she shot him stated, "I turned around and faced him, and I was scared he was going to jump on me and I started shooting, I didn't know whether he had his gun or not."

Prior to the charge of the court a colloquy between court and counsel ensued in which the court stated: "The statement in this case could be an incriminating statement. I guess it could be a confession. Do you contend I ought to charge them just on incriminating statements? If they found this to be a confession I would have to tell them that confessions ought to be treated with caution and not considered unless it was free and voluntarily made." Defense counsel then stated: "I think, if your honor please, you should charge that." The court included in its charge both the law on confessions and incriminating statements.

Under the foregoing circumstances the appellant cannot complain of the charge as given. Both court and defense counsel agreed that the charge on both should be given and defense counsel's statement to the court was tantamount to a request to so charge. Induced error is impermissible. *Patterson v. State,* 233 Ga. 724 (7) (213 SE2d 612) (1975); *Jackson v. State,* 234 Ga. 549, 553 (216 SE2d 834) (1975); *Tamplin v. State,* 235 Ga. 20, 25 (1975). This case differs from the facts in *Sims v. State,* 234 Ga. 177 (214 SE2d 902) (1975) and *Thomas v. State,* 234 Ga. 615 (216 SE2d 859) (1975) in which the defense counsel merely stated to the court that he had no objections to the charge as given.

3. Appellant contends that the trial court erred in failing to charge the jury on voluntary manslaughter, although not requested to do so. In the same colloquy referred to above the court notified counsel for appellant that he was going to charge on murder and justifiable homicide, to which counsel replied: "Yes, your honor, I think you should charge it's either murder or justifiable

homicide . . . I don't see it's anything else." We find no error for the reasons stated in Division 2.

4. The third enumeration of error complains that the trial court erred by not charging the jury, without request, on the law of good character as demanded by the evidence.

This court has consistently held that a proper instruction on character should be given whenever the accused places his character in issue. However, in the absence of a timely request, the failure to give the charge on character will not require a new trial, except in exceptional cases. *Spear v. State,* 230 Ga. 74 (195 SE2d 397) (1973).

A reading of the transcript in the present case fails to disclose that appellant relied upon her good character as a defense. The case is therefore distinguishable from *Seymour v. State,* 102 Ga. 803 (30 SE 263) (1897) which was held to be an exceptional case in that a charge was required, although not requested, as the defendant there relied upon his good character and reputation in the community as his sole defense.

5. Appellant enumerates as error the dispersal of the jury without her or her counsel's consent in violation of Code Ann. § 59-718.1 (Ga. L. 1972, p. 622).

However, the transcript in this case reveals that appellant's counsel specifically agreed prior to the jury's deliberation to allow their dispersal. Appellant's contention is therefore without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 8, 1975 — DECIDED NOVEMBER 24, 1975.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.