## 51335. ROBERTS v. THE STATE.

MARSHALL, Judge.

Appellant was charged on a two-count indictment with false swearing (Ga. L. 1968, pp. 1249, 1310 (Code Ann. § 26-2402)) and theft by deception (Ga. L. 1968, pp. 1249, 1290 (Code Ann. § 26-1803 (a)). The indictment was based on a business transaction wherein appellant contracted to sell his nightclub to one Mitchell for $20,000. Mitchell paid $10,000 down and began operating the club, but the sale was never completed because appellant failed to appear for the closing. Mitchell's $10,000 was not returned to him and the club was taken over by a mortgagee. The jury found appellant guilty on both counts and the judge sentenced him to 10 years (suspended) and to make restitution of $10,000. In this appeal he contests the sufficiency of evidence as to each count and the admission into evidence of a writ of fi. fa. *Held:*

1. (a) In Count 1, appellant was charged with having signed, under oath, an affidavit in connection with the contract of sale of the nightclub to Mitchell, knowing that the affidavit contained a false statement as to a material fact of the sale. That statement in the affidavit was that at the time of the sale, there were no debts against the nightclub, its goods, wares and merchandise, except one in a mortgagee. The appellant contends that the statement was not false in that all of the debts, which the prosecutor asserted were debts against the nightclub were, in fact, personal debts of the appellant. He points out that many of the creditors testifying against him

admitted that the credit was extended to appellant personally and that, except in one case, there were no liens on the property.

We need not determine whether it was necessary for the state to prove that the debts constituted liens against the property in order to prove that the debts were against the nightclub. At least one of the 12 debts shown by the evidence to have arisen out of the operation of the nightclub, was in fact secured by equipment installed in the club (ventilation equipment, lease assigned to C & S National Bank), and a security interest had been filed and perfected on the property. Appellant testified that he did not know that the bank had a security interest in the equipment, yet a representative of the bank testified that he had talked with appellant several times around the time of the sale in an attempt to collect arrears. Appellant's knowledge of this interest at the time he signed the affidavit was a question of fact which the jury was authorized by the evidence to resolve against appellant.

(b) Count 2 charged appellant with obtaining a check from Mitchell "of the value of $5,387.50" by deceitful means and artful practice in creating an impression that there were no debts against the nightclub. The appellant contends that the state's evidence shows only that Mitchell's check was for $2,192.35, not $5,387.50 as charged, and that there was no deception or artful practice on his part in the transaction.

If there was a variance between the allegata and the probata, it was not fatal. The evidence shows that Mitchell wrote a check for $2,192.35 and at the same time assumed certain debts owed by the seller (other than those 12 debts previously mentioned), in the amount of $3,195.15, for a total value of consideration given by Mitchell of $5,387.50. Even if such proof can authorize a conviction of theft of a check for only $2,192.35, the penalty authorized and imposed would be the same under Ga. L. 1968, pp. 1249, 1290 (Code Ann. § 26-1802). We find the variance harmless. See *Mahar v. State,* 137 Ga. App. 116 (2); *Dent v. State,* 136 Ga. App. 366 (1); *Burkett v. State,* 133 Ga. App. 728 (3b) (212 SE2d 870); and cits.

Whether the deprivation was by "deceitful means and artful practice" was a question of the appellant's knowledge of the existence of debts against the club at the time of signing the affidavit, which, again, was resolved against appellant by the jury.

2. The state introduced into evidence a writ of fieri facias showing the existence of a judgment against appellant, open and uncanceled as of the date of the affidavit. Insofar as the judgment evidenced by the writ of fi. fa. could have been satisfied out of assets of the club, the evidence was relevant to the question of whether debts existed against the club at the time of the signing of the affidavit and was, therefore, admissible. Code Ann. § 38-201.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

SUBMITTED OCTOBER 7, 1975 — DECIDED JANUARY 6, 1976.

*Al Bridges, Sallie Rich Jocoy,* for appellant.

*Richard Bell, District Attorney, David Rogers, Assistant District Attorney,* for appellee.