## 31485. FOUNTAIN v. YORK.

HILL, Justice.

This appeal arises from the denial of a writ of habeas corpus. On application, this court found probable cause to allow the appeal.

On July 14, 1973, a fracas occurred in the parking lot of a restaurant, referred to by some witnesses as a beer joint, in Rabun County. Thomas Fountain was indicted for aggravated assault upon Horace Holcomb by use of a deadly weapon described in the indictment as a night stick.

At trial, the jury was authorized to find that Fountain fired several shots at Holcomb and then beat him with a club, breaking Holcomb's arm. The trial judge charged the jury as to the crimes of aggravated assault and simple battery and the forms of verdict for guilty and not guilty. After the jury retired, the trial judge asked if there were any exceptions and defendant's retained counsel pointed out that the jury had not been charged as to the form of verdict for guilty of simple battery. The jury was recalled and instructed as to that form of verdict. After the jury retired again, the court asked if there were further exceptions. Defense counsel said "None from defendant, Your Honor." The jury returned a verdict of guilty of simple battery and Fountain was sentenced to serve 12 months.

On appeal, the Court of Appeals affirmed in *Fountain v. State,* 136 Ga. App. 229 (220 SE2d 705) (1975). Certiorari was denied by this court.

In his petition for habeas corpus, Fountain raised two issues not previously raised: (1) that he was found guilty of simple battery upon an indictment charging him with aggravated assault and he was not put on notice by the indictment that he could be found guilty of the separate and distinct crime of simple battery, and (2) that his grand and traverse juries were illegally constituted in that they did not include a sufficient number of women and persons aged 18 to 32. The writ was denied by the habeas court.

On application for certificate of probable cause to appeal, Fountain urged as one reason for allowing this appeal that the court set his habeas petition down for hearing three hours after it was filed.

1. The pertinent part of our Habeas Corpus Act enacted in 1967 and amended in 1975 provides as follows (Code Ann. § 50-127 (1)): "The right to object to the composition of the grand or traverse jury will be deemed waived under this Section, unless the person challenging the sentence shows in the petition and satisfies the court that cause exists for his being allowed to pursue the objection after the conviction and sentence has otherwise become final."

The habeas petition prepared by counsel in this case contained no showing that cause existed to allow petitioner to pursue his jury objections. More significantly, at the habeas hearing no showing was made or offered that cause existed to allow him to pursue his jury objections. Such showing of "cause" is mandatory under our law and represents a legitimate state interest in finality of litigation. Francis v. Henderson, —— U. S. —— (96 SC 1708, 48 LE2d 149) (1976).

Notwithstanding the fact that the hearing was held three hours after the filing of the habeas petition, petitioner was in no way precluded from making whatever showing he had as to "cause." Such showing of "cause" would involve two matters: (1) justification of the failure to raise the jury composition questions in timely fashion, and (2) a showing of actual prejudice. See *Mosley v. Hopper,* 234 Ga. 122 (214 SE2d 654) (1975); Francis v.

Henderson, supra. Petitioner made neither showing at the hearing or in this court. The habeas court did not err in overruling the jury composition objections.

2. Petitioner contends that he was not put on notice by the aggravated assault indictment that he could be found guilty of simple battery. In this fashion he seeks to raise an issue cognizable on habeas corpus. Code Ann. § 50-127 (1).

Petitioner was indicted for aggravated assault which carries a possible sentence of 10 years. Code § 26-1302. The maximum confinement for simple battery is 12 months. Code Ann. §§ 26-1304, 27-2506. There was no objection to the court's charge that simple battery was a lesser included offense under aggravated assault. In fact, through retained counsel petitioner requested that the court charge the jury as to the form of their verdict in the event they found petitioner guilty of simple battery.

Without deciding the notice issue, we find that under the facts of this case the jury verdict of guilty of simple battery was induced by petitioner (*Edwards v. State,* 235 Ga. 603, 604 (221 SE2d 28) (1975); *Patterson v. State,* 233 Ga. 724 (7) (213 SE2d 612) (1975)), and therefore cannot be raised by petition for habeas corpus.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1976 — DECIDED OCTOBER 20, 1976.

*Maylon K. London,* for appellant.
*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.