## 53193. BUTTS v. THE STATE.

MARSHALL, Judge.

Appellant Butts appeals his conviction of theft by taking and his sentence to nine years in the penitentiary. He enumerates as error a failure of proof to show that the value of the stolen items exceeded $100, to show that one of the two items stolen was in fact taken by appellant, and, lastly, the denial of the trial court of appellant's motion for new trial based upon the foregoing two grounds. *Held:*

1. The evidence shows that a CB radio and a related amplifier were removed from the victim's automobile. A vehicle occupied by Butts was seen leaving the scene. Within minutes a police vehicle gave chase and during the chase an object identified as the CB radio was thrown out of the vehicle occupied by Butts. The radio was recovered and identified by the owner as the missing radio. The amplifier was never recovered.

In testifying as to value, the owner testified that he spent six months investigating the market prior to buying his CB. He believed it to be the best he could buy. He stated that he spent $215 for the radio and that at the time of the theft it still had a value of over $100. "One need

120

not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion." Code § 38-1709. It is clear from such testimony that the owner was testifying to the value of his goods from a foundation of market experience based upon a six month opportunity to form a knowledgeable opinion. We conclude, particularly where there was no objection to this testimony, that this evidence of value was sufficient. *Hayes v. State,* 139 Ga. App. 316 (228 SE2d 585); *Merrell v. State,* 135 Ga. App. 699 (218 SE2d 458).

2. In his second enumeration appellant contends that the evidence failed to show that Butts was connected to the theft of the amplifier. The state conceded in its brief that the evidence relating to the amplifier was insufficient. Even assuming this concession to be correct this does not affect the conviction or sentence. Proof by the state that Butts stole the CB radio alone, an item valued at over $100, authorizes the imposition of the same penalty as that imposed by the trial court in this case. Under these circumstances, any variance in the allegata and the probata is not fatal but constitutes at worst harmless error. See *Roberts v. State,* 137 Ga. App. 208, 209 (223 SE2d 208); *Mahar v. State,* 137 Ga. App. 116 (2 c) (223 SE2d 204); *Burkett v. State,* 133 Ga. App. 728, 733 (212 SE2d 870). This enumeration is likewise without merit.

3. In view of our disposition in Divisions 1 and 2 of this decision appellant's third enumeration of error concerning the failure to grant a new trial on the same grounds requires no further discussion.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JANUARY 6, 1977 — DECIDED JANUARY 27, 1977.

*Elkins & Flournoy, James A. Elkins, Jr.,* for appellant.

*E. Mullins Whisnant, J. Gray Conger, Assistant District Attorney,* for appellee.