## 58546. MARTIN v. REITZ.

CARLEY, Judge.
Reitz purchased a boat for $400, paying $100 down and promising to pay the balance at a rate of $100 per month for three months. Some weeks later Reitz and Martin entered into a written agreement to restore the boat. Martin agreed to buy a one-half interest in the boat for $3,000, which would be used for the materials, parts and furnishings necessary to the restoration. He borrowed $3,000 which he placed into a special account for the purpose, to be drawn on only by him. Reitz contributed no money but was to furnish the physical labor involved in the project. The evidence is conflicting as to when, before or after the agreement was entered into, Martin was told or discovered that a balance was owed on the boat.

As work progressed on the boat, it became clear that the original $3,000 would be an insufficient amount to complete the restoration and the boat account became

nearly depleted. Reitz decided to turn his interest in the boat over to Martin and then moved to Brunswick. At the time of this transfer Reitz had received from the $3,000 boat account established by Martin some $75 for personal expenses and two captain's chairs, which had been purchased from account funds, valued at $188. After the transfer Martin sold one engine for $500 and took possession of some other accessories which were paid for from the boat account. Thereafter the original seller of the boat retook possession because Reitz had failed to pay the balance owing thereon.

Martin then executed an affidavit in the Recorder's Court of DeKalb County pursuant to which a warrant was issued for Reitz' arrest for the offense of theft by deception of $3,000. Reitz was arrested in Glynn County and transported to the DeKalb County jail where he was incarcerated for several days before making bond. At the preliminary hearing on the charge the magistrate dismissed the case for lack of probable cause. Reitz subsequently filed suit against Martin, alleging among other things a count in malicious prosecution. Martin answered and filed a counterclaim for breach of contract. Verdict was returned in favor of Reitz for $7,500 in general damages and attorney fees and against Martin on his counterclaim. Martin appeals from the judgment entered on the verdict of the jury and also enumerates as error the denial of his motion for directed verdict.

The issue raised by this appeal is whether or not appellant Martin made a full and fair exposition to the magistrate of the facts then known to him so as to allow the magistrate to make an independent decision to issue the warrant, thereby insulating Martin from liability for malicious prosecution. Both parties rely upon *Ginn v. C. & S. Nat. Bank,* 145 Ga. App. 175 (3) (243 SE2d 528) (1978).

As stated therein: "The law draws a fine line of demarcation between cases where a party directly or indirectly urges a law enforcement official to begin criminal proceedings and cases where a party merely relays facts to an official who then makes an independent decision to arrest or prosecute. In the former case there is potential liability for false imprisonment or malicious prosecution [cit.]; in the latter case there is not. [Cit.] It is

clear, though, that initiation of the criminal action need not be expressly directed to the party to be held liable. [Cit.] Thus, the rule applicable to this case is succinctly stated in 1 Harper and James, Law of Torts, 306: 'A distinction must be taken between actually instigating or procuring the institution of criminal proceedings and merely laying information before a law enforcement official without in any way attempting to influence his judgment. Of course, if the informer knew that the facts stated were false, it is clear that he attempted to influence the officer's judgment and he is, therefore, responsible for such subsequent action as may be taken.' " *Ginn,* supra at 178.

Martin testified that he was a graduate of Georgia State University where his major in Urban Life included courses in criminal law and political science. He was also a graduate of the Police Academy and served as a police officer in DeKalb County for several years. Yet, being even more knowledgeable than most as to the legal definitions of "theft" and "larceny," Martin asked the magistrate to help him obtain a warrant, and in order to procure it swore that Reitz had deprived him of $3,000 when he knew at the time that he had put the money into the bank account under his own signature and had written all the checks himself. See *Franklin Life Ins. Co. v. Hill,* 136 Ga. App. 128, 131 (3) (220 SE2d 707) (1975). Reitz did not "gain" $3,000, insofar as it was spent on the boat which the parties jointly owned under the contract. See *Stewart v. State,* 142 Ga. App. 493, 494 (2) (236 SE2d 278) (1977). Moreover, Martin did not lose $3,000, since he recouped $500 from the sale of the engine plus additional equipment of unknown value, and the jury was authorized to believe from the evidence that he may have additionally received $600 from a check written to cash by him on the boat account. Compare *Roberts v. State,* 137 Ga. App. 208 (223 SE2d 208) (1976).

In order to later be insulated from liability because of the action of the magistrate in issuing the warrant in a malicious prosecution case, the defendant prosecutor "must make a fair, full and complete statement of the facts as they exist. He is not relieved if he conceals facts, nor if he distorts facts, nor if he is negligent in ascertaining

facts." *Hicks v. Brantley,* 102 Ga. 264, 273 (2) (29 SE 459) (1897). Moreover, "where the sole contested issue relates to whether or not the communications as made to the [magistrate], on the faith of which his advice was given, were made by the prosecutor in good faith, as the true and correct facts of the transaction, it is error to direct a verdict for the defendant." *Walker v. Shedden,* 36 Ga. App. 259 (2) (136 SE 101) (1926).

Since there was a factual controversy here as to whether Martin relayed to the magistrate information which he knew to be false, misleading or materially inaccurate from which the jury could conclude, as it did, that the information was erroneous and Martin had attempted to influence the magistrate, the trial court correctly denied Martin's motion for directed verdict. *Ginn v. C. & S. Nat. Bank,* 145 Ga. App. 175, 178 (2), supra.

The evidence was clearly sufficient to support the jury's verdict in favor of Reitz on the main action and against Martin on his counterclaim. "If we determine there is some evidence to support the verdict under any reasonable view taken of the questions submitted to the jury, we will affirm. [Cits.]" *Weatherspoon v. K-Mart Enterprises,* 149 Ga. App. 424, 428 (5) (254 SE2d 418) (1979); *Gaddy v. Gilbert,* 140 Ga. App. 508 (1) (231 SE2d 403) (1976).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

Submitted September 6, 1979 — Decided January 7, 1980 —

*John Kirby,* for appellant.
*Edward H. Kellogg, Robert G. Nardone,* for appellee.