DECIDED JANUARY 6, 1982.

*B. W. Crecelius, A. Joseph Nardone, Jr.,* for appellant.
*Edward L. Savell,* for appellee.

## 62756. TURBEVILLE v. THE STATE.

BIRDSONG, Judge.

James Turbeville was tried and convicted of two counts of burglary. He was sentenced to two ten-year terms, three to serve and seven on probation for Count 1 and ten years on probation consecutive to the first for the second count of burglary. From the evidence, the jury was warranted in concluding that Turbeville and two others were driving around the area in and about Gainesville. The three men discussed "getting some money." Turbeville drove the other two occupants to an auto parts store and waited in the car while the other two broke a hole through a concrete wall with a sledge hammer to gain admission. One of the burglars took two sets of tools and in the apparent panic caused by the activating of a burglar alarm threw the two boxes of tools down a bank to where the car was parked. Turbeville took the tool boxes and put them in the car. All three then drove away. At the second burglary, the same three men discussed breaking into a second auto parts store at a different location. Although Turbeville asserted at trial that he told his two companions that they were doing wrong and that he would take no part in the burglary, he nevertheless drove the two men to the designated store and discharged them. They again accomplished entry by breaking a hole through a concrete block wall. On this occasion the burglar alarm summoned the local police who arrived while the two burglars were still in the store. Information obtained from these burglars led to the apprehension of Turbeville. Turbeville admitted that he came back to the scene of the second burglary after about a half hour but upon seeing the police car left the scene. After his apprehension Turbeville made a statement admitting his presence at the scene of each burglary but in effect denying that he was an active or willing participant in either. Turbeville brings this appeal enumerating seven errors. *Held:*

1. In his first enumeration of error, Turbeville argues that the trial court erred in denying his motion for a directed verdict of not guilty. A defendant is entitled to a directed verdict only where there is

no conflict in the evidence, and the evidence, with all reasonable deductions and inferences therefrom, demands a verdict of not guilty. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743). While the jury can and must weigh the evidence, an appellate court is restricted to a determination of whether or not the evidence supports the verdict of guilty. *Causey v. State,* 154 Ga. App. 76, 77 (267 SE2d 475). We have no hesitancy in concluding that under the evidence before the trial court a jury question as to guilt was presented.

The evidence clearly supported a conclusion that appellant was an accomplice in each burglary. While the evidence, if construed as the appellant would have the jury construe it, could show him to be a mere spectator, there was also an inference that he was an actual participant in the burglaries. Moreover, though appellant argues that his statement did not amount to an incriminating admission, we construe his admission as to the first burglary to be a confession and the second to give rise to a conclusion that he was a principal to that burglary as well. Appellant's statements when considered in connection with the two undisputed burglaries clearly created a jury issue as to the question of guilt. Under such circumstances the trial court does not err in denying a motion for a directed verdict of not guilty.

2. In his second enumeration of error, Turbeville contends that the state's attorney erred to his prejudice by seeking to bring before the jury statements of Turbeville's co-accuseds. We see no error in the cross examination of appellant by the state. Turbeville had testified that the inculpatory portions of his statement were suggestions by the examining officer who apparently wanted to corroborate the previously given statements of the co-defendants. The state simply sought to have Turbeville explain what questions had been suggested and how his statement was calculated to be aligned with those of the co-defendants and in what particulars it might have been false. The scope of cross examination is permissibly extensive and these questions were designed to explore the appellant's contention that portions of his statement were false and suggested to him. The state's examination was well within the permissible scope of cross examination. *Kessel v. State,* 236 Ga. 373, 375 (223 SE2d 811). Moreover, the jury was already aware that the statements had been made by the co-accuseds because Turbeville previously so testified. No harm was done by the state in referring to the statements. The statements themselves were not introduced into evidence and no portion of the statements came to the attention of the jury because Turbeville never answered the question. We perceive no harm to appellant from this questioning and appellant in his brief has failed to show any specific harm. We find no error.

*Robinson v. State,* 229 Ga. 14 (189 SE2d 53).

3. In his third enumeration, appellant complains that the trial court erred in giving a charge on confessions and admissions. He contends error because in his view his statement did not amount to either a confession or admission. As pointed out in Division 1 of this opinion, we have concluded to the contrary. Nevertheless, during his charge to the jury, the trial court carefully refrained from characterizing appellant's statement as either a confession or an admission, consistently referring to appellant's "statement." The only reference the trial court made to a confession or an admission was when the court gave appellant's request to charge on that subject. We find no error in the charge of the court in making reference to the weight to be afforded to a confession or admission, as the evidence warranted such a charge. Moreover, the court did nothing more than that which had been requested by appellant. Even if we assume error, induced error is not a ground for complaint. *Drake v. State,* 142 Ga. App. 14, 16 (234 SE2d 825).

4. In his fourth enumeration of error, appellant claims the trial court committed error by failing to charge on the theory of withdrawal from a criminal enterprise. In the first place, no request was made for such a charge. Secondly, the court in its charge required the jury to find that the appellant had participated as an actor or as a principal to each burglary or to find him not guilty. If the jury believed appellant's version that he had withdrawn before the burglaries occurred, he could have been found not guilty. Under these circumstances, the court did not err in failing to give a charge which was not requested, nor has Turbeville demonstrated error in such an omission.

5. In enumerations 5 through 9, appellant urges error in the failure of the court to give requested charges. Basically the requests dealt with corroboration of a confession or admission, withdrawal from a criminal enterprise, and that a totally exculpatory statement is not a confession or admission.

As to the first requested instruction the trial court did indeed give that charge. As to the remaining requested instructions, the trial court did not charge in the language requested, but, when the charge is viewed as a whole, each of the requests was given in substance. Moreover, requests 2 and 3 tended to be argumentative and misstated the legal principles when applied to the facts of this case. It is not error for the court to refuse a charge in the exact language requested where the substance of the request is given. *Hart v. State,* 227 Ga. 171, 174 (179 SE2d 346); *Allen v. State,* 137 Ga. App. 302, 304 (223 SE2d 495). See also *McRae v. State,* 145 Ga. App. 122 (243 SE2d 110). We find no merit in any of these enumerations.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED JANUARY 6, 1982.

*John N. Crudup,* for appellant.
*Jeff C. Wayne, District Attorney, Charles H. Frier, Assistant District Attorney,* for appellee.