## S02A1751. McMILLAN v. THE STATE.
### (577 SE2d 591)

FLETCHER, Chief Justice.

A jury convicted Jackie McMillan of felony murder in the beating death of Morris Paulk.[1] McMillan appeals, contending the trial court erred in not charging the jury on mutual combat and voluntary manslaughter. Because McMillan specifically requested that the trial court not give the charges, we affirm.

1. The evidence at trial showed that McMillan, his co-defendant Reggie Johnson, the victim, and several others were at a pool hall gambling with dice. McMillan and the victim got into an argument because McMillan was losing money. McMillan left, but then returned and hit the victim in the head from behind with a pool cue and continued hitting him in the face. The victim went to a nearby house, where emergency workers were called. He was taken by ambulance to the hospital, where he died six days later as a result of the effects of blunt force trauma to the head.

After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found McMillan guilty of the crime charged.[2]

2. McMillan contends that the trial court erred in not instructing the jury on mutual combat and voluntary manslaughter. However, McMillan's trial counsel informed the trial court during the charge conference that he had been instructed by McMillan not to request a charge on mutual combat. Outside the presence of the jury, McMillan then testified that trial counsel had informed him about the lesser

---

[1] The crime occurred May 18, 2001. A grand jury indicted McMillan on August 6, 2001 on charges of felony murder, involuntary manslaughter, aggravated assault and simple battery. On March 27, 2002, a jury convicted McMillan of all charges. The trial court sentenced McMillan to life imprisonment on the felony murder count and merged the other counts for sentencing. McMillan filed his notice of appeal on April 16, 2002. The case was docketed in this Court on July 31, 2002, and submitted for decision without oral argument on September 23, 2002.

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

included offense of voluntary manslaughter, but that he (McMillan) did not want the jury to be given that instruction. Because McMillan informed the trial court that he did not want the charges, he waived his ability to raise on appeal the failure to give them.[3]

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 24, 2003.

*Harkleroad & Harkleroad, Keith B. Harkleroad,* for appellant.

*Richard E. Currie, District Attorney, Douglas P. Smith, Assistant District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Pawlak, Assistant Attorney General,* for appellee.

---

[3] *Harris v. State,* 274 Ga. 422, 425 (554 SE2d 458) (2001); *Edwards v. State,* 235 Ga. 603, 604 (221 SE2d 28) (1975).