## ERWIN v. THE STATE.

Where an indictment charged the accused with assault with intent to rob, in that he "did unlawfully and maliciously make an assault upon the person of [H.], and by menaces in a forcible and violent manner demand money of

the said [H.], with intent to commit a robbery upon the person of said " H., a verdict of guilty was unwarranted, when there was no evidence that the accused by menaces made a demand of H. for his money, though the evidence may have shown that he committed the offense in some other manner.

Argued February 17, — Decided March 13, 1903.

Indictment for assault with intent to rob.　Before Judge Roan. Fulton superior court.　January 31, 1903.

*S. C. Crane*, for plaintiff in error.

*C. D. Hill, solicitor-general*, contra.

FISH, J.　Jim Erwin was convicted of assault with intent to rob.　His motion for a new trial being overruled, he excepted. The indictment charged the accused with the offense of assault with intent to rob, for that he "did unlawfully and maliciously make an assault upon the person of Ed. Hightower, and by menaces in a forcible and violent manner demand money of the said Ed. Hightower, with intent to commit a robbery upon the person of said Ed. Hightower, contrary," etc.　Penal Code, § 99, is as follows: "An assault with intent to rob is where any person shall, with any offensive or dangerous weapon or instrument, unlawfully and maliciously assault another, or shall, by menaces, or in and by any forcible or violent manner, demand any money, goods, or chattels of or from any other person, with intent to commit robbery upon such person."　Under this section, assault with intent to rob may be committed in three ways: (1) by unlawfully and maliciously assaulting another with any offensive or dangerous weapon or instrument, with intent to commit robbery upon such person; (2) by menaces, demanding any money, goods, or chattels of or from any other person, with intent to commit robbery upon such person; and (3) by any forcible or violent manner, demanding any money, goods, or chattels of or from another person, with intent to commit robbery upon such person.　The indictment in the present case, as we have seen, charged the accused with the commission of the offense by menaces, in a forcible and violent manner demanding money of Hightower.　This being true, conviction would not be authorized unless it appeared from the evidence that the accused demanded the money of Ed. Hightower as set out in the indictment.　There was absolutely no evidence that the accused by menaces made a demand upon Ed. Hightower for his money.　The evidence, in brief, was that the accused and High-

tower had been drinking together, at night, in a saloon on Decatur street in the city of Atlanta; that Hightower left the accused to go home, and while he was on his way home the accused overtook him and told him that he, Hightower, was drunk and he had come to take him home.    Hightower protested that he was not drunk, and told the accused to leave him.    The accused insisted that Hightower was drunk, and took hold of him, saying that he would carry him home.    Hightower drew his knife, and threatened to cut the accused unless he left him.    The accused took the knife away from Hightower, and, seizing him, thrust his hand into Hightower's pocket and took hold of his pocket-book.    Hightower called for the police, who appeared at once and arrested the accused, while he was struggling with Hightower, and with his hand in Hightower's pocket upon his pocket-book.    The accused said nothing to Hightower in reference to taking or demanding his money, but all the time pretended that he was endeavoring to take him home.    As there was no proof that the offense was committed in the manner charged in the indictment, the verdict of guilty was unauthorized, though the accused may have been guilty of assault with intent to rob in a manner not charged; and therefore the court should have granted a new trial.

*Judgment reversed.    By five Justices.*