### 32036.  MARTIN *v.* THE STATE.

DECIDED JUNE 9, 1948.

*George W. Westmoreland,* for plaintiff in error.

*Hope D. Stark, Solicitor-General, Charles C. Pittard,* contra.

Gardner, J. ■ It is conceded by counsel for the defendant that there are but two questions involved. We will discuss them.

(a) Is the evidence sufficient to sustain the verdict of assault with intent to rob? We think it is. Counsel for the defendant bases his contention that it is not, on the ground that the evidence does not reveal that the defendant made any demand for money. As we construe the law as applicable to the indictment in the instant case, no demand is necessary. The defendant was indicted under the Code, § 26-1405. Assault with intent to rob under this section may be committed in three ways: "(1) By unlawfully and maliciously assaulting another with any offensive or dangerous weapon or instrument, with intent to commit robbery upon such person; (2) by menaces, demanding any money, goods, or chattels of or from any other person, with intent to commit robbery upon such person; and (3) by any forcible or violent manner, demanding any money, goods, or chattels of or from another person, with intent to commit robbery upon such

person." *Erwin* v. *State,* 117 *Ga.* 296, 297 (43 S. E. 719). The instant indictment was drawn under the first of these ways mentioned. It was not necessary to allege or prove in such an indictment as is before us that a demand for money was made. It was only necessary to prove, under the indictment, that the attack was made with "any offensive or dangerous weapon or instrument *with intent to commit robbery.*" (Italics ours.) It was undisputed that the assault was made with an offensive and dangerous weapon and instrument. Whether such assault was made with intent to rob was a question for the jury, and the evidence amply authorized the jury to find that the assault was made with intent to rob. This is evident by the defendant disguising himself, waiting until closing time until the bank would be without customers present, and the conduct of the defendant both before and after the assault. This contention is without merit.

(b) We come next to consider whether the court committed reversible error in sustaining the motion of the State to strike the plea of former jeopardy, or autrefois convict. He did not. This question has been dealt with learnedly and exhaustively in a decision of the Supreme Court in the case of *Harris* v. *State,* 193 *Ga.* 109 (17 S. E. 2d, 573, 147 A. L. R. 980). Since we have set out in the statement of the record in the instant case that the first contention of the defendant was based on an indictment for assault with intent to murder involving the same occasion at the same time and place, and in connection therewith have also set out that the conviction of the defendant for assault with intent to rob in the instant case, involved the same occasion, at the same time and place upon which the conviction was had in the former case, we think it is unnecessary for us to elaborate further on the question. The two offenses for which the defendant was convicted, the one in the former trial and the one in the instant case, are not the same offenses within the purview of the provisions of the Constitution of this State (Code, § 2-108). That section reads: "No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his, or her own motion for a new trial after conviction, or in case of mistrial." During the course of the opinion in *Harris* v. *State,* supra, the Supreme Court said: "The record in this case shows that the defendant was first tried for murder in a transaction where the vic-

tim·was also robbed, and that the defendant was last tried for robbery in the identical transaction· where the victim was mur-.dered. Under the preceding rules as well as under the weight of authority, the two offenses are not identical as a matter of law."

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*