### 40451. CASH v. THE STATE.

NICHOLS, Presiding Judge. The defendant was convicted of receiving and being in possession of stolen property under an indictment charging him with cattle stealing. The defendant filed a motion for new trial on the usual general grounds as well as a motion in arrest of judgment. On the hearing of such motions the following judgments were rendered: "After

careful consideration the within motion for a new trial made by and on behalf of William B. Cash, is hereby sustained and a new trial is hereby granted. Done at chambers at Claxton, Georgia, on this the 29th day of December, 1962." "After careful consideration and a new trial having been granted in this case, it is the judgment of this court that this defendant's motion in arrest of judgment be, and it is, hereby overruled and denied. Done at chambers at Claxton, Georgia on this 29th day of December, 1962." Error is assigned on the judgment overruling the motion seeking to arrest the judgment. *Held:*

1. "Where a verdict in a criminal case finds the accused guilty of a crime not made in the indictment a motion in arrest of judgment will lie. *Spence v. State,* 7 Ga. App. 825, 826 (68 SE2d 443)." *Waller v. State,* 107 Ga. App. 609 (1) (131 SE2d 111). The indictment was in one count only and charged only cattle stealing. It did not charge the defendant with the offense of receiving stolen goods, and the verdict finding the defendant guilty of receiving stolen goods amounted to an acquittal of the offense actually charged.

2. "Where a verdict in a criminal case is in legal effect an acquittal, the accused cannot be again tried for the same offense, even though a new trial be granted upon his own motion." *Ezzard v. State,* 11 Ga. App. 30 (2) (74 SE 551). Such case distinguished cases exemplified by *Williams v. State,* 121 Ga. 579 (49 SE 689).

3. The verdict in this case amounted to an acquittal of the crime charged; the verdict finding the defendant guilty of another crime not included in the indictment being void, the judgment of the trial court overruling his motion in arrest of judgment must be reversed.

*Judgment reversed. Frankum and Jordan, JJ., concur.*

DECIDED NOVEMBER 14, 1963.

*John W. Underwood, J. T. Grice,* for plaintiff in error.