45133.   PONDER v. THE STATE.

ARGUED MARCH 2, 1970—DECIDED MAY 22, 1970.

*Hobart M. Hind,* for appellant.

*Robert W. Reynolds, District Attorney,* for appellee.

QUILLIAN, Judge. The defendant was charged with the commission of the offense on June 27, 1969. The new Criminal Code of Georgia, which was effective July 1, 1969, provides: "The provisions of this Title do not apply to or govern the construction or punishment of any crime committed prior to the effective date of this Title. . . Such a crime must be construed and punished according to the provisions of the law existing at the time of the commission thereof in the same manner as if this Title had not been enacted." *Code Ann.* § 26-103 (Ga. L. 1968, pp. 1249, 1260). We, therefore, apply in this situation the former criminal law, more specifically *Code* § 26-1405. Our courts have held that assault with intent to rob under this section may be committed in three ways: "(1) By unlawfully and maliciously assaulting another with any offensive or dangerous weapon or instrument with intent to commit robbery upon such person; (2) by menaces, demanding any money, goods, or chattels of or from any other person, with intent to commit robbery upon such person; and (3) by any forcible or violent manner, demanding any money, goods, or chattels of or from another person, with intent to commit robbery upon such person." *Martin v. State,* 77 Ga. App. 297, 300 (48 SE2d 485). The indictment in the instant case did not charge the defendant with assault on another with any offensive or dangerous weapon or instrument; thus it was essential that a demand for money, goods or chattels be alleged. *Erwin v. State,* 117 Ga. 296, 297 (43 SE 719). There being no such allegation, the indictment lacked the prerequisites of assault with intent to rob.

A motion in arrest of judgment will lie where there is a defect appearing on the face of the indictment affecting the substance and real merits of the offense charged, such as the omission of an essential element of the crime, so that it renders the indictment void. *Rambo v. State,* 25 Ga. App. 390 (103 SE 494); *Sims v. State,* 37 Ga. App. 819 (142 SE 464). Even though no demurrer to the indictment be filed, it is still subject to a motion in arrest. *Register v. State,* 65 Ga. App. 64 (15 SE2d 251); *O'Brien v. State,* 109 Ga. 51, 53 (35 SE 112). If a verdict, when construed with the indictment, does not find the defendant guilty of any offense, the judgment should be arrested. *Lanier v. State,* 5 Ga. App. 472, 476 (63 SE 536). Moreover, as set forth in *Cash v. State,* 108 Ga. App. 656 (1) (134 SE2d 524): "Where a verdict in a criminal case finds the accused guilty of a crime not made in the indictment a motion in arrest of judgment will lie."

Here the indictment does charge the defendant with an offense under the provisions of *Code* §§ 26-1401 (assault) and 26-1408 (battery). Misdemeanor punishment is prescribed under these Code sections. In *Allen v. State,* 86 Ga. 399 (12 SE 651), the Supreme Court held that where the indictment and trial were for a misdemeanor and the verdict for a felony, the judgment should be arrested on motion. Since under the indictment here made the only appropriate punishment was for a misdemeanor, the sentence entered thereon was subject to the motion in arrest of judgment.

*Judgment reversed. Bell, C. J., and Whitman, J., concur.*