### 48202. PARTAIN v. THE STATE.

PANNELL, Judge. "A person commits theft by conversion when, *having lawfully obtained funds* or other property of another under an agreement or other known legal obligation to make a specified application of such funds or a specified disposition of such property, he knowingly converts the funds or property to his own use in violation of such agreement or legal obligation." Code § 26-1808. (Emphasis supplied.)

Where a building inspector for a municipality gets a contractor to pay him an amount of one-half the usual inspection fee in exchange for a promise the contractor would not be subsequently

billed for the remainder, and threatened to make it "rough" for the contractor if he did not agree to such arrangement, the receipt by the inspector of the money in the amount of one-half the fee, under these circumstances, was an unlawful receipt thereof, even though the inspector was permitted by the city to collect such fees and even though the contractor referred to the payments as payments on the inspection fee. The money paid was not payment of an inspection fee, but payment and receipt of either a bribe or extortion. See Code §§ 26-2301 and 26-1804. See also theft by deception, Code § 26-1803. Under analogous situations prior to our new Criminal Code, it was said by this court in *Simmons v. State,* 79 Ga. App. 390 (1) (53 SE2d 772): "Embezzlement differs from larceny in that in embezzlement the accused comes into possession lawfully, whereas in larceny the property comes into the hands of the thief secretly and unlawfully. In the former there is an entrustment and in the latter there is not." Also, in *Nickles v. State,* 89 Ga. App. 538, 545 (80 SE2d 97): "Where one of the necessary ingredients of larceny after trust is lacking, there can be no legal conviction thereof. See *Wood v. State,* 11 Ga. App. 242 (74 SE 1100)." The evidence showing, without dispute, that the defendant was never in lawful possession of funds of the municipality, he cannot be convicted under Code § 26-1808.

The trial judge erred in overruling the motion for new trial.

*Judgment reversed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED JUNE 1, 1973 — DECIDED JUNE 14, 1973.

*Lewis & Javetz, Emanuel Lewis,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Andrew J. Ryan, III,* for appellee.