## 54942. TYSON v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for theft by taking. His sole enumeration of error is: "The Trial Judge erred in overruling the motion to dismiss on the grounds that defendant had no opportunity to face his accuser, a right guaranteed to every accused by the Sixth Amendment of the Constitution of the United States of America." The defendant's motion was made after the jury was empanelled. *Held:*

The defendant urges that since the indictment lists "James Lee Stewart" as prosecutor and there is no such person, he is deprived of his constitutional right. The indictment on the back also lists "Thomas Lee Stewart" as the prosecutor and includes his name among the list of

witnesses. Also found in the record on the affidavit for the arrest warrant is the name and signature of "Thomas Lee Stewart."

This state no longer strictly applies the fatal variance rule. See *Dobbs v. State,* 235 Ga. 800, 801 (221 SE2d 576); *Ingram v. State,* 137 Ga. App. 412, 415 (224 SE2d 527). Under the circumstances here, we find no merit to the defendant's contentions merely because the indictment contains what is apparently a stenographic error, about which no question was raised prior to trial. See Code § 27-1601.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED JANUARY 10, 1978 — DECIDED FEBRUARY 24, 1978.

*Harold E. Martin,* for appellant.

*E. Byron Smith, District Attorney, Kenneth R. Waldrep, Assistant District Attorney,* for appellee.