## 57564. MAHOMET v. THE STATE.

Birdsong, Judge.

Theft by conversion. The facts show that Alex Mahomet was a real estate agent in Rabun County. He attempted to sell a parcel of land to a customer but ascertained that title to the land was vested in known and unknown heirs and probably had a cloud upon it. The land had been offered by two of the vested title holders for a selling price of $40,000. (There was evidence that these owners attempted to conceal the fact that other heirs had an interest.) Mahomet being unable to sell the property because of the cloud on the title, offered to buy the property from the known heirs for the $40,000. He obtained what purported to be a clear title from the two vested title holders, giving $10 at the time the warranty deed was transferred. Thereafter, the victim in the present criminal litigation approached Mahomet seeking to buy the property. Though there is a dispute, the jury was warranted in believing that Mahomet and an attorney advising both Mahomet and the purchaser (the victim) did not advise the victim, Ms. Horton, that there was a cloud on the property at the time of the purported sale from Mahomet to Horton. Ms. Horton paid Mahomet $50,000 as down payment on the property agreeing to pay an additional $30,000 in annual installments. Ms. Horton asked the attorney to prepare a second deed transferring the property to a family business retaining a life estate in herself. Sometime thereafter, Ms. Horton became aware that because there was a cloud on the title, she did not

have clear title. Ms. Horton then sought the return of the $50,000. Mahomet had placed the $50,000 in a savings account in his personal name and had commenced to spend some of the money and pledged a portion of it as collateral on a personal loan. Mahomet was convicted of the unlawful conversion of these funds. He enumerates six alleged errors. *Held:*

1. In his first enumeration of error, Mahomet urges that the trial court erred by giving a contradictory charge by first informing the jury that the indictment charged Mahomet with *unlawfully* obtaining the $50,000 and then charging the jury that in order to convict, it must find beyond a reasonable doubt that Mahomet *lawfully* obtained the $50,000 and converted the sum to his own personal use. The gravamen of the offense charged was that Mahomet took the $50,000 as an earnest money deposit for the sale of land to which he had no title and could not deliver title and thereafter converted the money to his personal use. The state used a form indictment wherein immediately preceding the space upon the form where it was intended that the description of the offense charged be inserted, the preprinted word "unlawfully" appeared. Thus, literally reading the indictment it appeared that the indictment charged Mahomet with unlawfully obtaining the $50,000. However, a careful reading of the indictment reflects that Mahomet was charged on the face of the indictment with the offense of theft by conversion accomplished by the act of ". . . obtain[ing] $50,000 property of . . . Horton, under an agreement to make a specified application of said property, to-wit: as earnest money deposit on land. After receiving said money, Alex Mahomet knowingly converted said property to his own use in violation of such agreement."

In its charge, the court informed the jury of the contents of the indictment including the word "unlawfully," but then cautioned the jury that the indictment was not evidence but merely the vehicle by which the charge was made known to the defendant and the formal way in which the matter was brought to the attention of the jury. The only charge presented by the court to the jury on this element of the offense of theft by

conversion was that the defendant must have obtained the funds lawfully. We are not presented with the question of the clarity of the indictment in stating an offense nor with the ambiguity between the court's reference to the word "unlawfully" as appearing in the indictment and the charge of the court requiring the jury to find that the $50,000 was obtained in a lawful manner. At no time did Mahomet raise by objection such an issue prior to this appeal as to these matters. After its charge, the trial court inquired if either party had any objections to the charge. The only exception taken by Mahomet involved a requested instruction which the trial court declined to give but did not involve the discrepancy here under discussion. While we recognize that in this state a defendant in a criminal case is not required to except to an erroneous charge, we also recognize that Mahomet waived the question of the lack of clarity in the indictment, thus impliedly indicating that he was satisfied with the legal wording of the charge. He did not during trial urge any deficiency in the indictment, nor did he raise objection to any possible ambiguity in the court's charge. In other words, at no time did Mahomet put the trial court on notice that he believed there was a defect in the indictment or the charge of the court. The Supreme Court held in *Hill v. State,* 237 Ga. 523 (228 SE2d 898) that where counsel introduces evidence on a theory of defense (i.e., that Mahomet lawfully had the funds and lawfully could exercise dominion over them) and thereafter asks for no charge on a valid defense and responds to the court that he has no exceptions, an error in the charge is self-induced and will not be a ground for a new trial. See *White v. State,* 243 Ga. 250 (253 SE2d 694); *Smith v. State,* 144 Ga. App. 766, 767 (242 SE2d 363). We conclude that by totally ignoring the now-claimed deficiencies, appellant has induced the error upon which he seeks reversal. See *Drake v. State,* 142 Ga. App. 14, 16 (234 SE2d 825). This enumeration is without merit.

2. In his second enumeration, Mahomet asserts that the indictment is void because an essential element of the offense of theft by conversion is that the property converted was lawfully obtained whereas the indictment in this case alleges that Mahomet unlawfully obtained

the money. As indicated in the first division of this opinion, the indictment clearly identifies the offense charged as theft by conversion. The body of the offense found and described by the grand jury concludes that Mahomet obtained escrow money and misapplied the funds once obtained. The trial court did not, contrary to Mahomet's contention, authorize the jury to find that the money was obtained either lawfully or unlawfully but limited the jury's finding to a lawful obtaining and in the absence thereof required an acquittal. In short, we do not find an absence of an essential element of the offense charged against Mahomet. We cannot conclude that Mahomet could admit all the accusations charged in the indictment and still be innocent of the offense charged. Thus, we do not find the indictment to be defective. *Brooks v. State* 141 Ga. App. 725, 730 (1) (234 SE2d 541); *Gore v. State,* 79 Ga. App. 696, 704 (1) (54 SE2d 669).

Mahomet contends that the case of *Partain v. State,* 129 Ga. App. 213 (199 SE2d 549) requires a contrary result. We disagree. In that case, the evidence demanded a finding that the defendant, a public official, unlawfully obtained assets (as a bribe) and thereafter converted the funds to his own use. This court held that inasmuch as theft by conversion requires that the funds be lawfully obtained, that element of the offense could not legally be satisfied under the evidence. The evidence in this case does not demand such a finding. To the contrary, the evidence authorized a finding that the money was lawfully obtained. The indictment charged Mahomet with obtaining escrow money in the purchase of real estate and thereafter converting that escrow money to his own use. Code § 27-701 provides that every indictment of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of the Code or so plainly that the nature of the offense charged may be easily understood by the jury. Under the circumstances here, we find no merit to the contention that merely because the indictment contains what is apparently a technical error, about which no question was raised prior to or during trial, that the indictment was void. *Tyson v. State,* 145 Ga. App. 21, 22 (243 SE2d 314). See also *King v. State,* 103 Ga. App. 272

(119 SE2d 77). There is no merit to this contention.

3. In his third enumeration of error, appellant argues that the trial court erred in denying a request to charge upon three principles of law dealing with the legal effect of a transfer of a deed where the defects of the deed are known to the grantee; the principle that the grantee may continue to look to the grantor after transfer of a warranty deed; and that all prior negotiations are merged into a subsequent written deed. We do not find fault with these principles of civil law insofar as they control the status of negotiations between purchaser and seller in the transfer of real estate. We do question the application of these abstract principles of the law of real property and contracts to a criminal prosecution. Appellant sought these charges to show that he was entitled to dispose of the consideration used to pay for the property after an unqualified transfer of the property. Mahomet even indicated that the requested charges dealt in the ultimate with the question of intent. Nevertheless, as indicated by the trial court in its refusal to give the charges, the abstract principles of civil law did not conform to the critical issue of intent in the format submitted by the appellant. Though the requested charge is not attached to the record for our perusal, the trial court discussed the charge, appellant presents the substance of the request in his brief, and the state tacitly admits the substance of the request. We are satisfied based upon the record and transcript before us that the request to charge did not meet the test that a requested charge must be legal, apt, and precisely adjusted to some principle involved in the case and be authorized by the evidence. *Kessel v. State,* 236 Ga. 373, 374 (223 SE2d 811). Because the request did not by its language specifically relate itself to the issue of intent, it was not correct, or perfect, as the law demands; therefore, the refusal to give these requested charges is not a cause for a new trial. *Lewis v. State,* 196 Ga. 755, 760 (3) (27 SE2d 659). We note that though the trial court indicated in the transcript that Mahomet's request to charge should be surrendered to the court reporter, the request is not attached to the record. Nevertheless, for the reasons indicated, we do not find that omission to be harmful to the rights of the appellant. Enumerations 3

and 4 are without merit.

4. Enumerations 5 and 6 complain of the giving of the indictment to the jury for the reasons stated in Divisions 1 and 2 of this decision (5), and the denial of motions for arrest in judgment and motions to set aside the judgment (6). These enumerations were predicated upon the same contentions discussed in the earlier divisions of this decision. For the reasons stated therein, it was not error for the trial court to send the indictment out to the jury or to deny these motions. These enumerations likewise are without merit.

*Judgment affirmed. Deen, C. J., Quillian, P. J., Shulman, Banke, and Underwood, JJ., concur. McMurray, P. J., and Carley, J., concur in the judgment only. Smith, J., dissents.*

ARGUED APRIL 4, 1979 — DECIDED SEPTEMBER 7, 1979 — REHEARING DENIED SEPTEMBER 25, 1979 — ▮▮▮▮▮▮▮▮

*Troy R. Millikan,* for appellant.
*V. D. Stockton, District Attorney,* for appellee.

SMITH, Judge, dissenting.

In his enumeration of error number six, appellant contends the trial court erroneously denied his Code § 110-709 motion attacking the judgment. I agree and therefore dissent.

The crime named in the indictment against appellant was theft by conversion. The indictment specifically alleged that the conversion was committed when, on July 22, 1976, appellant "did *unlawfully* obtain $50,000.00, property of Mrs. Sarah Lois R. Horton, under an agreement to make a specified application of said property, to-wit: as earnest money deposit on land. After receiving said money, Alex Mahomet knowingly converted said property to his own use in violation of such agreement, contrary to the laws of [Georgia], the good order, peace and dignity thereof." (Emphasis supplied.) The jury convicted appellant of the crime of theft by conversion, an essential element of which is that appellant's initial obtaining of the stolen property have

been *lawful.* Code § 26-1808; *Partain v. State,* 129 Ga. App. 213 (199 SE2d 549) (1974).

Citing Code §110-709, appellant made a motion attacking the judgment entered upon the jury verdict. That Code section provides: "The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." According to Judge Richard B. Russell, "One of the tests which can be applied to determine whether a judgment is void is whether it can be set aside by motion in arrest of judgment. If the judgment can be arrested by motion it is always void." *Chapman v. Taliaferro,* 1 Ga. App. 235, 238 (58 SE 128) (1907). " 'Where a verdict in a criminal case finds the accused guilty of a crime not made in the indictment a motion in arrest of judgment will lie. ' " *Cash v. State,* 108 Ga. App. 656, 657 (134 SE2d 524)(1963). *Ponder v. State,* 121 Ga. App. 788 (175 SE2d 55) (1970).

In summary, a criminal judgment is void when it has been entered upon a verdict finding a defendant guilty of a crime not charged. It is well settled that the name which the indictment gives the crime is immaterial; rather, the acts alleged in the indictment are what characterize the offense. *State v. Eubanks,* 239 Ga. 483, 484 (238 SE2d 38) (1977). Having alleged that appellant *unlawfully* obtained the stolen property, the indictment here did *not* charge appellant with theft by conversion, and a valid judgment could not have been entered upon a verdict finding him guilty of such a crime.