*Thomas S. Carlock, R. Clay Porter,* amicus curiae.

## 64824. CALLAWAY v. THE STATE.

SOGNIER, Judge.

Callaway was convicted of theft by conversion. She appeals on the general grounds and alleges error in the denial of her motion for a directed verdict of acquittal. She also alleges it was error to grant the state's motion for a severance with respect to appellant's co-indictee, Anne Sinyard.

Appellant was employed by Fort Valley State College and as a part of her duties directed a project for "early childhood development." The project was funded by the federal government and grants for this purpose had been paid to the college. As director of the project appellant was responsible for the publication of certain booklets and approving invoices from the printer to authorize payment therefor.

Appellant fraudulently signed false invoices from the printer for $2600, indicating she was in possession of 1500 booklets when in fact she had not received them. The college paid the printer, who credited the amount to the college account. Through the efforts of a co-indictee/owner of the printers a check on the college account in the amount of $1890.37 was issued to appellant, who cashed same. Additionally, appellant received certain items from the printers which were likewise charged to the college account against the false invoices.

Each count of the indictment in this case alleged that appellant and Anne B. Sinyard, *"having lawfully obtained funds* . . . [did] knowingly convert said funds to their own use . . ."* (Emphasis supplied.) Appellant argues that the funds were not obtained lawfully, but were obtained unlawfully, and therefore, appellant is not guilty of the offenses charged against her. We agree and reverse.

OCGA § 16-8-4 (a) (formerly Code Ann. § 26-1808) provides, in pertinent part: "A person commits the offense of theft by conversion when, having lawfully obtained funds . . . of another under an agreement or other known legal obligation to make a specified application of such funds . . . he knowingly converts the funds . . . to his own use in violation of the agreement or legal obligation. . . ."

The state argues that appellant lawfully obtained the funds when they were allocated by the federal government to the college for the project relating to handicapped children. This argument must fail, however, because the funds were allocated to the college, not to

appellant. Appellant was never in possession of the funds, and had no control over their disbursement and could only request disbursement in payment of expenses.

The money received by appellant and the property purchased by her at the printers, came from college funds obtained through false invoices submitted by the owner of the printing company, with the assistance and knowledge of appellant. Thus, the funds were unlawfully obtained from the college; those funds were never in the possession, or under the control, of appellant prior to their receipt by the printer. "The evidence showing, without dispute, that the defendant was never in lawful possession of funds of the [college, she] cannot be convicted under Code § 26-1808 [now OCGA § 16-8-4]." *Partain v. State,* 129 Ga. App. 213, 214 (199 SE2d 549) (1973). Accordingly, the trial court erred by denying the motion for a directed verdict of acquittal.

In view of our decision on these enumerations of error, we need not discuss the remaining enumeration of error.

*Judgment reversed. Pope, J., concurs, and Deen, P. J., concurs in the judgment only.*

DECIDED MARCH 7, 1983 —
REHEARING DENIED MARCH 23, 1983.

*Denmark Groover, Jr.,* for appellant.
*G. Theron Finlayson, District Attorney, James F. Garnett, Assistant District Attorney,* for appellee.