A98A0997, A98A1006. McADAMS v. UNITED STATES FIRE
INSURANCE COMPANY (two cases).
(506 SE2d 679)

Judge Harold R. Banke.

Patricia McAdams, acting on her own behalf and as the executrix of the estate of her deceased husband, James Thomas McAdams, commenced these actions against United States Fire Insurance Company ("USFI"), among others. In two enumerations of error, she challenges the trial court's order granting summary judgment to USFI in both her wrongful death and survival actions.

These cases arose after a truck owned by C. T. Harris, USFI's insured, backed over Mr. McAdams, killing him. In her suits against Harris, the driver, USFI, and others, Mrs. McAdams alleged negligence. USFI sought summary judgment, arguing that Mrs. McAdams had no right to proceed directly against it. The trial court agreed, finding that McAdams failed to prove the essential elements establishing her right to proceed directly. Specifically, it determined that Harris' failure to file all the appropriate insurance forms required by the Public Service Commission Rules barred McAdams' action against USFI. *Held:*

OCGA § 46-7-58 (e) permits individuals to "join in the same action the motor carrier and its surety, in the event a bond . . ." or policy of indemnity insurance is given. *Southern Gen. Ins. Co. v. Waymond*, 221 Ga. App. 613, 614 (472 SE2d 325) (1996). Because this statute derogates the common law, it must be strictly construed. Id.

In actions joining a motor carrier's insurer, the injured party bears the burden of proving that the policy providing liability insurance coverage was filed with and approved by the Public Service Commission. *Canal Ins. Co. v. Farmer*, 222 Ga. App. 539, 540 (474 SE2d 732) (1996); OCGA § 46-7-12 (c). In this case, it is undisputed that no such policy was filed.

In lieu of filing the policy, the Rules of the Georgia Public Service Commission permit carriers to submit a certificate of insurance so long as it conforms to "the forms prescribed and approved by the Commission." Rule 1-8-1-.07 (a) of the Rules of the Georgia Public Service Commission; *Ross v. Stephens*, 269 Ga. 266, 267 (496 SE2d 705) (1998).[1] The Public Service Commission Rules require that all certificates of insurance be made on Form E and all endorsements be made on Form F. Rule 1-8-1-.07 (d)-(e) of the Rules of the Georgia Public Service Commission. Form E is styled "Uniform Motor Carrier Bodily Injury and Property Damage Liability Certificate of Insurance." Form F bears the title "Uniform Motor Carrier Bodily Injury and Property Damage Liability Insurance Endorsement." Form E certifies that a designated insurer issued a specified motor carrier an insurance policy "which, by attachment of the Uniform Motor Carrier Bodily Injury and Property Damage Liability Insurance Endorsement, has . . . been amended to provide automobile bodily injury and property damage liability insurance covering the obligations imposed upon such motor carrier by the provisions of the motor carrier law. . . ." Rule 1-8-1-.07 (d) of the Rules of the Georgia Public Service Commission; see *Kinard v. Nat. Indem. Co.*, 225 Ga. App. 176, 180 (2) (483 SE2d 664) (1997). We have interpreted Rule 1-8-1-.07 to "require[ ] that a Form F endorsement be filed along with the certificate" of insurance. *Kinard*, 225 Ga. App. at 180 (2); see *Ross*, 269 Ga. at 266, affirming *Kinard* on other grounds.

Notwithstanding the above, the Director of Compliance & Safety in the Transportation Division of the Public Service Commission, a former secretary who worked her way up through the ranks, attested that "[n]either the Official Code of Georgia nor the Rules of the Georgia Public Service Commission have ever required a Form F Uniform Motor Carrier Bodily Injury and Property Damage Liability Insur-

---

[1] The decision to allow the filing of the prescribed forms rather than the policies was made to cut down on paperwork.

ance Endorsement . . . to be filed with the Georgia Public Service Commission." She stated further that neither the Code nor the Rules require that Form F be attached to Form E.

Although a certificate of insurance complying with Form E was filed, Form F was not attached to Form E or otherwise filed with the Public Service Commission. On its face, the Public Service Commission's own Form E requires the attachment of Form F, the endorsement, which functions to certify compliance with the applicable provisions of motor carrier law. Furthermore, *Kinard* indicates that the failure to include Form F with Form E invalidates the certificate of insurance.

We need not reach the question of whether the Commission's Rules may alter the Code's clear directive that filing the policy is a prerequisite to a direct action, an issue presumably swayed by the necessity of strictly construing the direct action statute. OCGA § 46-7-58 (e). This is so because under the Commission's own Rules, a direct action was authorized only if the proper forms were filed in lieu of the policy. Rule 1-8-1-.07 of the Rules of the Public Service Commission; *Waymond*, 221 Ga. App. at 614. Because Form F's absence precludes McAdams from showing full compliance with the Commission's Rules, much less the requisites of OCGA § 46-7-58 (e), we must affirm the trial court's decisions, notwithstanding the Commission's usual practice. But see *Glenn McClendon Trucking Co. v. Williams*, 183 Ga. App. 508, 513 (12) (359 SE2d 351) (1987) (injured party may pursue claim against insurer as a judgment creditor of the insured).

*Judgments affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 11, 1998 — ▮▮▮▮▮▮▮

*Jones & Smith, Bobby T. Jones, Julian B. Smith, Jr., Davis, Gregory, Christy, Forehand & Maniklal, Hardy Gregory, Jr., Lovett, Cowart & Ayerbe, Jon G. Branan*, for appellant.

*Miller & Towson, Wallace Miller III, James V. Towson, Joel A. Howe*, for appellee.

