A02A1383. DEVORE v. LIBERTY MUTUAL INSURANCE
COMPANY.
(570 SE2d 87)

ANDREWS, Presiding Judge.

At issue is whether an amended version of OCGA § 46-7-12 (c) allowing a direct action against the insurer of a motor common carrier, despite the failure to file prescribed forms evidencing the insurance policy, should be applied retroactively. Because applying the amended statute does not affect vested substantive rights, we find it has retroactive application. Accordingly, the trial court erred by refusing to give retroactive application to the statute and by refusing to allow a direct action against the motor carrier's insurer, Liberty Mutual Insurance Company.

Kevin Devore sued a motor common carrier for injuries he allegedly suffered in a March 1999 collision with a truck operated by the carrier and joined the motor carrier's insurer, Liberty Mutual, as a party defendant under the provisions of OCGA § 46-7-12. The provisions of OCGA § 46-7-1 et seq. in effect at the time of the collision provided in general: (1) that the Public Service Commission (the commission) was empowered to regulate motor common carriers by establishing rules and conditions for issuance of a certificate of public convenience and necessity which the motor carrier was required to obtain before commencing operations, (2) that no certificate shall be issued or continued in operation unless the motor carrier gives a bond or, in lieu of bond, a policy of indemnity insurance is filed and approved by the commission, and (3) that if a bond is given or a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the bond surety or the insurance carrier with the motor carrier as defendants in a suit claiming injuries caused by the motor carrier. OCGA §§ 46-7-3 through 46-7-12.

At the time of the subject collision, subsection (c) of OCGA § 46-7-12 provided that:

> The commission may, in its discretion, allow the holder of such certificate to file, in lieu of such bond, a policy of indemnity insurance in some indemnity insurance company authorized to do business in this state, which policy must substantially conform to all of the provisions of this article relating to bonds. Such policy must also be approved by the commission.

The commission adopted rules permitting a motor carrier to comply with this subsection by filing a certificate of insurance on forms approved by the commission in lieu of filing the indemnity insurance policy. Commission Rule 1-8-1-.07; *Kinard v. Nat. Indem. Co.*, 225 Ga.

App. 176, 180 (483 SE2d 664) (1997). Here, the motor carrier filed one of the two forms prescribed by the commission rules but not the other. In *McAdams v. U. S. Fire Ins. Co.*, 234 Ga. App. 324 (506 SE2d 679) (1998), we held that, under the commission rules, a direct action was authorized under § 46-7-12 only if both of the prescribed forms were filed in lieu of the indemnity insurance policy.

During the 2000 legislative session, the legislature amended OCGA Title 46, Chapter 7 to provide that, effective July 1, 2001, motor common and contract carriers are regulated by and obtain certificates of public convenience and necessity from the commissioner of public safety. Ga. L. 2000, pp. 951, 1043-1058. The amended Chapter 7 continues to provide that no certificate shall be issued or continued in operation unless the motor carrier gives a bond or, in lieu of bond, a certificate of insurance is filed on forms prescribed by the commissioner, and that, if a bond is given or a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the bond surety or the insurance carrier with the motor carrier as defendants in a suit claiming injuries caused by the motor carrier. Additionally, the legislature approved a separate amendment to subsection (c) of OCGA § 46-7-12, effective July 1, 2000, addressing the prescribed forms evidencing a certificate of insurance. Ga. L. 2000, p. 1583. Under these amendments, subsection (c) of § 46-7-12 now provides that:

> The commissioner may, in his or her discretion, allow the filing of a certificate of insurance on forms prescribed by the commissioner, in lieu of such bond, evidencing a policy of indemnity insurance in some indemnity insurance company authorized to do business in this state, which policy must substantially conform to all of the provisions of this article relating to bonds. Such certificate shall be filed by the insurer. The failure to file any form required by the commissioner shall not diminish the rights of any person to pursue an action directly against a motor carrier's insurer.

It is undisputed that the motor carrier at issue was operating at the time of the collision with a valid certificate of public convenience and necessity issued after giving evidence of an approved policy of indemnity insurance issued by Liberty Mutual which was in effect at the time of the collision. After Devore joined the motor carrier's insurer, Liberty Mutual, as a defendant in his suit under the applicable statute, Liberty Mutual, citing *McAdams*, supra, and the prior version of OCGA § 46-7-12 (c) in effect at the time of the collision, moved for summary judgment in October 2001 on the basis that the failure to file one of the prescribed forms evidencing the insurance

policy precluded any direct action against it. Devore argued that the trial court should retroactively apply the amended version of § 46-7-12 (c), which provided that the failure to file the required form did not preclude a direct action against the insurer. The trial court granted summary judgment in favor of Liberty Mutual concluding that retroactive application of the amended statute would improperly impair Liberty Mutual's substantive rights which vested under the prior statute.

The prohibition in Art. I, Sec. I, Par. X of the Georgia Constitution of 1983 against retroactive laws applies only to those laws which affect or impair substantive rights under prior law which have vested at the time the subsequent law takes effect. *Bituminous Cas. Corp. v. United Svcs. Auto. Assn.*, 158 Ga. App. 739, 740 (282 SE2d 198) (1981). Where an amendment to a statute changes procedure or rules of evidence, it does not affect or impair vested substantive rights, and it is to be given retroactive effect absent the legislature's expressed contrary intention. *Harris v. Murray*, 233 Ga. App. 661, 662 (504 SE2d 736) (1998); *Polito v. Holland*, 258 Ga. 54, 55 (365 SE2d 273) (1988).

The amendments to OCGA § 46-7-12 (c) did not affect substantive rights. Rather, the amended provisions at issue altered the evidentiary rules regarding the necessity of using forms evidencing a motor carrier's policy of insurance for purposes of pursuing a direct action against the insurer. The substance of the statutory scheme was to create a direct cause of action against insurers which issued the required policies to the motor carriers. There is no dispute that Liberty Mutual issued the insurance policy and that it was in effect at the time of the subject collision. Liberty Mutual had no vested substantive right in the prior evidentiary rules for showing that it issued the policy.

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 8, 2002.

*Dietrick, Evans, Scholz & Williams, Richard W. Summers*, for appellant.

*Carter & Ansley, Michele A. Ritz, Tommy T. Holland*, for appellee.