## A04A0159. WARREN v. THE STATE.
### (592 SE2d 879)

BLACKBURN, Presiding Judge.

Following a jury trial, Oscar Tony Warren appeals his convictions for rape, aggravated sodomy, armed robbery, aggravated assault, kidnapping, hijacking a motor vehicle, attempting to elude police, reckless driving, obstruction of an officer, and burglary, arguing that the evidence was insufficient to support the convictions. As the evidence of Warren's guilt was overwhelming, we affirm.

---

On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Warren] no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. As long as there is some evidence, even though contradicted, to support each necessary element of the State's case, the verdict will be upheld.

*Moore v. State.*[1] See also *Jackson v. Virginia.*[2]

As an initial matter, Warren, without even a single citation to the record in his brief, argues only that his conviction for rape was unwarranted. He provides no argument at all with regard to the remaining crimes for which he was convicted. As such, he has waived his right to challenge these convictions on appeal. See Court of Appeals Rule 27. Moreover, we have reviewed the record, and the evidence that Warren committed these crimes is overwhelming. In fact, Warren actually admitted that he committed the majority of the offenses with which he was charged.

With regard to the charge of rape, Warren's sole argument is that his conviction must be reversed because the State failed to provide corroborating scientific evidence such as DNA evidence or a rape test corroborating the victim's positive identification of Warren and direct testimony that Warren forcibly raped her at knifepoint. This contention is patently erroneous, as "[t]he General Assembly long ago removed the corroboration requirement from the rape statute. Therefore [Warren's] corroboration argument has no support in the law and will not be considered by this court." (Footnote omitted.) *Parris v. State.*[3]

Moreover, the victim positively identified Warren as the man who raped her, and Warren admitted that he raped the victim. The evidence of Warren's guilt was abundant, and his convictions must stand.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JANUARY 8, 2004.

*William M. Shingler*, for appellant.

---

[1] *Moore v. State*, 254 Ga. App. 134 (561 SE2d 454) (2002).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Parris v. State*, 258 Ga. App. 49, 51 (572 SE2d 728) (2002).

*Charles M. Ferguson, District Attorney, Keith W. Day, Assistant District Attorney*, for appellee.