A06A1325. GRESHAM v. THE STATE.
(635 SE2d 316)

BLACKBURN, Presiding Judge.

Following a jury trial, David Gresham was convicted of child molestation and incest. He appeals, contending that the trial court erred in applying the Rape Shield Statute[1] to exclude defense evidence. We agree for the reasons set forth below and thus vacate in part and remand for a new trial.

---

[1] OCGA § 24-2-3.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Gresham] no longer enjoys a presumption of innocence." *Warren v. State.*[2] So viewed, the evidence shows that between May 2001 and 2002, the victim, eleven-year-old A. S., lived with her mother, two half-sisters, and her stepfather, Gresham. During this time, Gresham, who worked as a long-haul trucker, occasionally took A. S. with him on his delivery routes. On several of these trips, he allegedly forced A. S. to watch an adult video and to engage in sexual intercourse. A. S. also testified that Gresham forced her to have sexual intercourse and oral sex on multiple occasions when she was alone with him either in his truck or in a loft apartment above the detached garage located behind their home. Two other witnesses testified that A. S. informed them that Gresham had sexually abused her. In addition, a nurse practitioner who examined A. S. testified that A. S.'s genitalia exhibited physical signs consistent with sexual abuse.

Gresham was indicted on counts of child molestation,[3] aggravated child molestation,[4] incest,[5] and aggravated sodomy.[6] Prior to trial, the State moved in limine to exclude two defense witnesses who intended to testify that A. S. was sexually active and, in fact, had a boyfriend, with whom she allegedly had sexual intercourse during the time of the alleged sexual abuse. The trial court granted the State's motion, ruling that the Rape Shield Statute, OCGA § 24-2-3, prohibited the defense from presenting any evidence concerning A. S.'s prior sexual history. At the February 2004 trial, Gresham again proffered the witnesses, and the trial court again excluded the witnesses' testimony based on the Rape Shield Statute. The jury found Gresham guilty of child molestation and incest but acquitted him of aggravated child molestation and aggravated sodomy. This appeal followed.

Gresham argues that the trial court erred when it relied on the Rape Shield Statute to exclude testimonial evidence from the two defense witnesses concerning A. S.'s prior sexual history. We agree.

"Admission of evidence is a matter which rests largely within the sound discretion of the trial court and an appellate court will not interfere with its rulings absent abuse of that discretion." *Whisnant v. State.*[7] However, "[t]his court has held repeatedly that the failure to exercise discretion when the law vests discretion in a judge, is

---

[2] *Warren v. State*, 265 Ga. App. 109, 110 (592 SE2d 879) (2004).
[3] OCGA § 16-6-4 (a).
[4] OCGA § 16-6-4 (c).
[5] OCGA § 16-6-22 (a).
[6] OCGA § 16-6-2 (a).
[7] *Whisnant v. State*, 178 Ga. App. 742, 743 (1) (344 SE2d 536) (1986).

reversible error. This is made very clear in those cases where the judge lets it be known that he does not think he has any discretion." *Brown v. State.*[8]

The State asserts that OCGA § 24-2-3 (a), as it is currently written, applies in this case and supports the trial court's decision to exclude the defense witnesses' testimony. The Rape Shield Statute was amended in 2005 to apply, inter alia, in cases of aggravated sodomy and aggravated child molestation and currently provides:

> In any prosecution for a violation of Code Section 16-6-1, relating to rape; Code Section 16-6-2, relating to aggravated sodomy; Code Section 16-6-4, relating to aggravated child molestation; or Code Section 16-6-22.2, relating to aggravated sexual battery, evidence relating to the past sexual behavior of the complaining witness shall not be admissible, either as direct evidence or on cross-examination of the complaining witness or other witnesses, except as provided in this Code section. For the purposes of this Code section, evidence of past sexual behavior includes, but is not limited to, evidence of the complaining witness's marital history, mode of dress, general reputation for promiscuity, nonchastity, or sexual mores contrary to the community standards.

OCGA § 24-2-3 (a). See Ga. L. 2005, p. 27, § 13.1. Normally, in criminal cases, "an appellate court applies the law as it exists at the time its opinion is rendered." (Punctuation omitted.) *Helmeci v. State.*[9] However, section 17 of the Act amending the Rape Shield Statute expressly provides that "[t]his Act shall apply to all trials which *commence on or after* July 1, 2005." (Emphasis supplied.) Ga. L. 2005, p. 29, § 17. Gresham's trial commenced and concluded in February 2004. Consequently, the current Rape Shield Statute does not apply to this matter. Cf. *Devore v. Liberty Mut. Ins. Co.*[10] ("[w]here an amendment to a statute changes procedure or rules of evidence . . . it is to be given retroactive effect absent the legislature's expressed contrary intention").

Thus, we apply the Rape Shield Statute as it existed in February 2004. At that time, the Rape Shield Statute did not apply to child molestation cases. Prior to the 2005 amendment, OCGA § 24-2-3 (a), in relevant part, read: "In any prosecution for rape, evidence relating to the past sexual behavior of the complaining witness shall not be

---

[8] *Brown v. State*, 133 Ga. App. 56, 60 (6) (209 SE2d 721) (1974).

[9] *Helmeci v. State*, 230 Ga. App. 866, 868 (1) (498 SE2d 326) (1998).

[10] *Devore v. Liberty Mut. Ins. Co.*, 257 Ga. App. 7, 9 (570 SE2d 87) (2002).

admissible, either as direct evidence or on cross-examination of the complaining witness or other witnesses, except as provided in this Code section." In *Abdulkadir v. State*,[11] the Supreme Court of Georgia held that under this language, the "rape shield statute, by its plain terms, *applies only to prosecutions for rape.*" (Emphasis supplied.) Given that Gresham was not charged with rape at the time of his trial, the evidence regarding A. S.'s alleged prior sexual relationships "should not have been excluded based upon the rape shield statute." *Brown v. State*.[12] See also *Abdulkadir*, supra, 279 Ga. 124 (2). Accordingly, the trial court erred in applying OCGA § 24-2-3 (a) in Gresham's case and in excluding (on this basis) the proffered testimony regarding A. S.'s prior sexual history.

Nevertheless, the trial court's error does not necessarily mandate a new trial. Rather, in order for an error to be grounds for reversal, the "appellant must show not only error but ensuing harm." *Burnette v. State*.[13] The standard for weighing error in criminal cases is the highly probable test. *Snelling v. State*.[14] "Under that test, a reversal is not required if the evidence of guilt is overwhelming in that there is no reasonable probability that the verdict of the jury would have been different in the absence of this error." (Punctuation omitted.) *Felder v. State*.[15]

Here, the only direct evidence of Gresham's guilt came from A. S.'s testimony that Gresham sexually abused her and the corroboration of her testimony by evidence that a physical examination of A. S. revealed signs of sexual abuse. There was no medical or scientific evidence directly connecting Gresham to the sexual abuse. In fact, DNA evidence found in the loft apartment where some of the abuse allegedly occurred did not match DNA samples taken from Gresham. Furthermore, the testimony regarding A. S.'s past sexual experiences, which was excluded by the court, was that A. S. engaged in sex with a boyfriend. The defense rightly contends that such evidence is a possible explanation for A. S.'s physical trauma and thus would have called A. S.'s credibility and Gresham's guilt into question. In addition, the jury's split verdict supports Gresham's argument that even without the excluded testimony, the State's case was far less than overwhelming. See *Miller v. State*.[16] "We cannot determine what role this excluded evidence would have played in the jury's deliberations." (Punctuation omitted.) *Snelling*, supra, 215 Ga. App.

---

[11] *Abdulkadir v. State*, 279 Ga. 122, 123 (2) (610 SE2d 50) (2005).

[12] *Brown v. State*, 275 Ga. App. 281, 288 (4) (620 SE2d 394) (2005).

[13] *Burnette v. State*, 165 Ga. App. 768 (1) (302 SE2d 621) (1983).

[14] *Snelling v. State*, 215 Ga. App. 263, 266 (1) (c) (450 SE2d 299) (1994).

[15] *Felder v. State*, 266 Ga. 574, 576 (2) (468 SE2d 769) (1996).

[16] *Miller v. State*, 219 Ga. App. 213, 215-216 (1) (464 SE2d 621) (1995).

at 267 (1) (c). Thus, "we cannot say that it is highly probable that the error [in excluding evidence of A. S.'s prior sexual history] did not contribute to the jury's verdict." *Johnson v. State.*[17] Accordingly, Gresham's child molestation and incest convictions are vacated and the case is remanded for a new trial.[18] On retrial of these issues, the trial court shall apply OCGA § 24-2-3 (a) as it existed at the time of Gresham's original trial in accordance with *Abdulkadir*, supra, 279 Ga. at 124 (2) (the Rape Shield Statute only applies in cases where the defendant is charged with rape).

*Judgment vacated in part and case remanded for new trial. Mikell and Adams, JJ., concur.*

DECIDED JULY 25, 2006 —
RECONSIDERATION DENIED AUGUST 15, 2006.

*Amy R. Stone, Leigh S. Schrope,* for appellant.

*Scott L. Ballard, District Attorney, Josh W. Thacker, Assistant District Attorney,* for appellee.

---

[17] *Johnson v. State,* 238 Ga. 59, 61-62 (230 SE2d 869) (1976).

[18] We note that Double Jeopardy attaches and bars retrial on the charges of aggravated child molestation and aggravated sodomy. See *Sanabria v. United States,* 437 U. S. 54, 64 (II) (98 SC 2170, 57 LE2d 43) (1978) ("when a defendant has been acquitted at trial he may be not retried on the same offense, even if the legal rulings underlying the acquittal were erroneous"); *Cash v. State,* 108 Ga. App. 656, 657 (2) (134 SE2d 524) (1963) (" '[w]here a verdict in a criminal case is . . . an acquittal, the accused cannot be again tried for the same offense, even though a new trial be granted upon his own motion' ").