A10A0580. CANTU v. THE STATE.
(697 SE2d 310)

DOYLE, Judge.
Following a jury trial, Roy Martinez Cantu appeals his conviction of one count of child molestation,[1] contending that the trial court erred by (1) excluding evidence on the basis of the rape shield statute, (2) failing to properly respond to communications from the jury, (3) admitting testimony that improperly bolstered the victim's

---

credibility, and (4) denying him due process by unduly restricting his examination of witnesses. For the reasons that follow, we affirm.

Construed in favor of the verdict,[2] the evidence shows that V. M. lived with her grandparents because her father had abandoned her, and her mother abused drugs and neglected her. Starting sometime after V. M. was in the third grade and before she was 13 years old, Cantu, V. M.'s grandfather, repeatedly raped her, performed oral sex on her, forced her to perform oral sex on him, and fondled her breasts and vagina. V. M. ultimately told her school principal about the abuse, which was then reported to a social worker. V. M. was examined by an emergency room nurse trained in sexual abuse examinations, and the nurse's findings were consistent with chronic sexual abuse.

Cantu was charged with one count of child molestation,[3] and, following a jury trial, he was convicted and sentenced to serve twenty years in prison. Cantu now appeals from the denial of his motion for a new trial.

1. Cantu contends that the trial court erred by excluding certain testimony based on the rape shield statute. We disagree.

Under OCGA § 24-2-3, evidence relating to the past sexual behavior of the complaining witness is not admissible except under certain limited circumstances following a specified procedure. Cantu correctly points out that OCGA § 24-2-3 applies to prosecutions for *aggravated* child molestation, of which Cantu was not accused. During a pretrial conference, the trial court made a passing reference to the rape shield statute and at certain points explained that she did not want to get into the victim's past sexual history if it was not relevant to the specific facts at issue in the case. Cantu argues this was error.

As pointed out by the trial court in its order denying Cantu's motion for new trial, the court made several rulings excluding certain evidence involving the victim's past without specifically referring to the rape shield statute. During the pretrial conference, the trial court focused more on improper character evidence, and in many of the instances cited by Cantu, the trial court expressed a concern with the relevancy of, for example, the victim's past boyfriends, school discipline, or references to her difficult past. Even though the rape shield statute did not *require* the exclusion of evidence of the victim's sexual history, the trial court was authorized to evaluate the relevance of any evidence and exclude it on that basis. Throughout the trial court's conferences with counsel outside the

[2] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[3] Certain evidence showed that some of the abuse occurred outside of Georgia.

presence of the jury, the trial court and the State repeatedly questioned the relevance and probative value of the challenged evidence. "[T]he admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion."[4] In light of the nature of the evidentiary rulings challenged on appeal, we discern no clear abuse of the trial court's discretion.[5]

2. Cantu contends that the trial court erred by "failing to inquire into the jury's obvious confusion" as to the charge in the indictment and by failing to re-instruct the jury that no juror is required to surrender his honest opinion. The enumeration also asserts that trial counsel was ineffective for failing to request the re-charge.[6]

(a) *Alleged error in response to jury's question.* With respect to the trial court's failure to inquire into the jury's "obvious confusion" as to the indictment, the record shows that the indictment, which went out with the jury, accused Cantu of committing one count of child molestation as follows:

[Cantu] did an immoral and indecent act to, with and in the presence of [the victim], a child under the age of sixteen (16) years, by fondling said child's breasts, vagina and vaginal area and by placing his penis into contact with said child[']s vagina and vaginal area and engaging in sexual intercourse with said child, with intent to arouse and satisfy the sexual desires of said accused. . . .

After approximately two hours of deliberation, the jury sent a note to the trial court stating precisely as follows:

On counts #1 and #3
On count #2 we are
60/40 on our decision
do we have to be in complete agreement
on this count.

The trial court replied, "yes," and approximately 50 minutes later,

---

[4] *O'Neal v. State*, 254 Ga. 1, 3 (3) (325 SE2d 759) (1985).

[5] Despite Cantu's assertion to the contrary, the record before us is distinct from that in *Gresham v. State*, 281 Ga. App. 116, 117 (635 SE2d 316) (2006), where the trial court explicitly and erroneously constrained its discretion based on the rape shield statute.

[6] See *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984) (to prevail on a claim of ineffective assistance of counsel, a defendant must prove that his counsel's performance was deficient and that as a result the defendant was so prejudiced that, but for counsel's errors, there is a reasonable likelihood of a different result).

the jury delivered another note stating "We are hung on count 2. May we have a copy of the law this charge applies to?" The court then engaged the foreperson in the following colloquy:

Q: Are y'all still working and making progress?
A: Yes.
Q: Do you want to keep deliberating?
A: Yes.
Q: All right. Go on back and keep on.

The record reveals that during each exchange between the court and the jury, Cantu offered no objection, made no motion, nor requested any instruction by the trial court. Therefore, Cantu "waived his right to assert these allegations of error by his failure to object at trial."[7] Nevertheless, with respect to the jury's alleged misunderstanding of the one-count indictment, we note that

> where conjunctive pleadings set forth more than one act by which the accused committed the crime, the evidence is sufficient so long as it shows at least one of the acts alleged. [I]f a crime may be committed in more than one way, it is sufficient for the State to show that it was committed in any one of the separate ways listed in the indictment, even if the indictment uses the conjunctive rather than disjunctive form.[8]

And with respect to Cantu's argument that the trial court thereafter should have instructed the jury on each juror's duty to independently arrive at a decision, "[t]he need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court."[9] The trial court had already explicitly instructed the jury not to "change an opinion if you are convinced that you are wrong," and that jurors "should never surrender an honest opinion in order to be congenial or to reach a verdict solely because of the opinions of other jurors." Accordingly, this enumeration is without merit.

(b) *Alleged ineffectiveness.* With respect to trial counsel's alleged ineffectiveness for failing to request clarification for the jury, Cantu's appellate counsel failed to present any evidence at the new trial

---

[7] *Daniel v. State*, 292 Ga. App. 560, 561 (1) (665 SE2d 696) (2008).

[8] (Citation and punctuation omitted.) *Watson v. State*, 301 Ga. App. 824, 826 (689 SE2d 104) (2009).

[9] (Punctuation omitted.) *Leavitt v. State*, 264 Ga. 178, 179 (4) (442 SE2d 457) (1994).

hearing as to trial counsel's reasons for not requesting any further jury instructions. The absence of testimony from trial counsel at the new trial hearing raises the presumption that his decisions were strategic.[10]

> Decisions as to which [jury] charges will be requested and when they will be requested fall within the realm of trial tactics and strategy. They provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them.[11]

Therefore, in light of the fact that the trial court had already properly instructed the jury, we discern no reversible error.

3. Cantu also contends that the trial court erred by admitting testimony that allegedly bolstered the victim's credibility from (i) a nurse who qualified as an expert in conducting sexual assault exams and testified as to the results of her examination of the victim, and (ii) a Department of Family and Children Services caseworker who described the process for taking custody of the victim. However, Cantu failed to object to the testimony at trial, so he presents nothing for review on appeal.[12]

4. Last, Cantu contends that he was denied a fair trial because of the State's repeated objections and the trial court's limitation of his examination of witnesses. We disagree.

Cantu relies in part on rulings already addressed in Division 1 of this opinion. Those rulings were within the trial court's discretion and therefore necessarily do not deny Cantu due process. Other rulings include instances in which Cantu attempted to challenge V. M.'s credibility, but was limited in the scope of his questioning to avoid references to irrelevant or bad character evidence. Beyond those rulings, Cantu argues that the State's repeated objections to his questioning deprived him of due process. However, many of the objections were successful, Cantu was allowed to question the victim's veracity, and at no time was Cantu forbidden from cross-examining witnesses or introducing evidence on grounds constituting an abuse of the trial court's discretion. The sometimes contentious nature of trial is a part of the adversarial process, and we

---

[10] See *Brumbelow v. State*, 289 Ga. App. 520, 521 (1) (a) (657 SE2d 603) (2008).

[11] *Angus v. State*, 301 Ga. App. 92, 93 (687 SE2d 142) (2009).

[12] See *LeMon v. State*, 290 Ga. App. 527, 531 (5) (660 SE2d 11) (2008) (failure to object at trial on bolstering grounds waived review on appeal); *Talley v. State*, 269 Ga. App. 712, 714 (4) (605 SE2d 108) (2004) (same).

conclude that here it did not result in a denial of Cantu's due process rights.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 28, 2010 —

*Edwin Marger*, for appellant.

*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.